PER CURIAM.
Appellant-defendant, H. S. Johnson, appeals a final judgment for arrearage entered in favor of appellee-plaintiff, Geraldine Johnson, in an action to enforce a property settlement agreement executed by the parties and made a part of a divorce decree entered in 1964. We affirm in part, and reverse in part.
The property settlement agreement provided inter alia, that plaintiff was to receive, as or for her support and maintenance, one-third of defendant’s yearly “gross income” based upon his gross income of the previous year. At the time of the divorce H. S. Johnson had a business which he continued to own after the divorce until he disposed of it by sale in 1969. The sale price for the business was $120,-000, of which $26,100 was stipulated by the parties to be interest on deferred payments, and the remaining $93,900 to be the principal sum. Fifty per cent of this $93,-900 was also stipulated to be return of capital to defendant, and fifty per cent to be gain. The trial court determined that plaintiff was entitled to one-third of the fifty per cent of the $93,900 which represented defendant’s gain on the sale of the business as constituting “gross income” under the property settlement agreement.
The trial court also determined that the plaintiff was entitled to one-third of the total amount of social security payments of $150 a month, received by defendant from April 1964 through March 1970, and also one-third of the $26,100 interest payments on the sale of the business as constituting gross income under the agreement. Final judgment was entered in favor of plaintiff *196 in the sum of $17,300. Relevant portions of the judgment are as follows:
"5. As of May 15, 1970, the defendant has received THIRTEEN THOUSAND EIGHT HUNDRED DOLLARS ($13,800.00) of the aforesaid NINETY-THREE THOUSAND NINE HUNDRED DOLLARS ($93,900.00), and plaintiff is entitled to one-third (Vbrd) of fifty percent (50%) of these monies, to-wit: FOUR THOUSAND THREE HUNDRED DOLLARS ($4,300.00).
''ORDERED AND ADJUDGED, that the defendant is indebted to the plaintiff as follows:
(A) one-third (Vbrd) of $150.00 per per month, Social Security payments, April, 1964 through March, 1970 $ 3,500.00
(B) one-third (Vbrd) of $26,100.00, Microbach Laboratories interest payment 8,700.00
(C) one-third (Vsrd) of $13,800.00, Microbach Laboratories payment 4,300.00
(D) reasonable attorneys' fees for Plaintiff's counsel to be paid directly to counsel 750.00
TOTAL $17,300.00"
This appeal followed.
The primary thrust of the appeal is whether or not the gain realized from the sale of the business and social security benefits received constitutes “gross income” under the terms of the property settlement agreement of the parties.
The term “gross income” does not carry a definite and inflexible meaning under all circumstances, and should be used in such a way as to ascertain the sense in which the parties have used it in their agreement. Marlton Operating Corp. v. Local Textile Mills, Sup., 137 N.Y.S.2d 438, 440.
Suffice it to say in the case sub judice, that after a thorough study of the briefs, the record, the transcript of testimony and having had the benefit of argument of counsel for the respective parties, there appears sufficient competent evidence from which the court could have concluded that the term “gross income” as used by the parties was intended to encompass defendant’s gain from the sale of the business. There was likewise sufficient evidence to support the award of a portion of defendant’s social security benefits received.
We note in paragraph 5 and sub-paragraph (c) of the judgment set forth above that the court erred mathematically in awarding plaintiff $4,300, instead of the amount of $2,300, which would have been one-third of fifty per cent of $13,800. Also, the total amount originally determined under sub-paragraphs (A), (B), (C), and (D) above adds up to a total of $17,250 rather than $17,300.
Accordingly, the final judgment is reversed and the cause remanded with directions to enter a judgment consistent with the views herein expressed.
Affirmed in part, and reversed in part and remanded with directions.
CROSS, C. J., and OWEN and MAGER, JJ., concur.