## 21548

Henry M. and Ester B. SIMS, Appellants, v. Wilson TYLER, Jr., Mary Tyler and James B. Perry, Respondents.

(281 S. E. (2d) 229)

*Daniel Fulton,* Columbia, *for appellants.*

*George Alley, Gerald Jowers* and *Kenneth Ormand,* Columbia, *for respondents.*

August 13, 1981.

GREGORY, Justice:

The appellants Henry M. Sims and Ester B. Sims appeal from a decree reforming a deed and granting title to lot 47-A in the Highland Park Subdivision to the respondents Wilson Tyler, Jr. and Mary Tyler. We reverse.

On April 2, 1969, James B. Perry, the developer of the subdivision and one of the respondents, deeded lots 46-A and 47-A to the appellants. The deed refers to a plat recorded in Plat Book X at pages 674 and 674-A at the Richland County Courthouse. Although this plat has been revised on several occasions, it plainly shows lots 46-A and 47-A.

The Sims built a house on lot 46-A. They planted a garden and built a doghouse on 47-A. They paid taxes on both lots 46-A and 47-A for several years. On April 9, 1974, Perry conveyed to Wilson Tyler, Jr. and Mary Tyler, two

of the respondents, a lot described as A on an unrecorded plat dated March 5, 1974. This lot was 47-A conveyed earlier to the Sims. The Tylers did not hire an attorney for this transaction nor did they seek a title examination which would have revealed the Sims' ownership of lot 47-A.

The Tylers requested the Sims to remove the doghouse so they could construct a fence. After the doghouse was removed the fence was built. The Sims then instituted this action for unlawful taking of property and trespass and the Tylers subsequently impleaded Perry.

The trial judge ordered title to lot 47-A transferred to the Tylers, reforming the deed on the basis of mutual mistake.

Before equity will reform an instrument, it must be shown by evidence which is most clear and convincing not simply that it was a mistake on the part of one of the parties but that it was a mutual mistake. *Belin v. Stikeleather*, 232 S. C. 116, 101 S. E. (2d) 185 (1957). A mutual mistake is one where both parties intended a certain thing and by mistake in the drafting did not get what both parties intended. *Id.*

There is no evidence to support respondents' contention that the Sims did not intend to purchase this lot. The purchase price, the payment of taxes since its purchase, the construction of the doghouse and the planting of the garden are clear and convincing evidence the Sims intended to purchase lot 47-A.

Perry described lot 47-A as a "dog lot" unsuitable for building a house. Therefore, the nine thousand five hundred dollars ($9,500.00) paid to him by the Sims was adequate consideration for both lots. The Sims testified they purchased both lots because they intended to construct a large house on 46-A, thus creating the need for extra yard space. They built a house for thirty-five thousand dollars

($35,000.00), which they estimate is valued now at seventy-five thousand dollars ($75,000.00).

Perry asserts he did not intend to convey lot 47-A to the Sims, claiming he failed to read the deed. One who is capable of reading and understanding but fails to read a contract before signing is bound by the terms thereof. *Evans v. State Farm Mut. Auto. Ins. Co.*, 269 S. C. 584, 587, 239 S. E. (2d) 76 (1977). We perceive no mistake on the Sims' part and if there was a mistake it was unilateral, not mutual. *L-J, Inc. v. S. C. Highway Dept.*, 270 S. C. 413, 242 S. E. (2d) 656 (1978).

Where the mistake is unilateral, equity will refuse to grant reformation except under strong and extraordinary circumstances showing imbecility or something which would make it a great wrong to enforce the agreement. These circumstances must be shown by competent testimony of the clearest kind. *Belin v. Stikeleather, supra.* There is no evidence of extraordinary circumstances in this case.

We hold the trial court erred in reforming the deed. It is not necessary to address appellant's remaining exceptions as we reverse the order of the trial judge and remand for further proceedings consistent with this opinion.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.