CLARE R. HEATER v. JOSEPH R. HEATER

No. 8228DC830

(Filed 7 June 1983)

**Divorce and Alimony § 16.9— separation agreement—gain on sale of property as "gross income"**

Although a separation agreement did not define "gross income," the trial court did not err in including a gain on the sale of property as part of defendant's gross income.

APPEAL by defendant from *Styles, Judge*. Judgment entered 22 March 1982 in District Court, BUNCOMBE County. Heard in the Court of Appeals 19 May 1983.

This is an action seeking specific performance of a separation agreement. The case has previously been in this Court. *See Heater v. Heater*, 53 N.C. App. 101, 280 S.E. 2d 19, *cert. denied*, 304 N.C. 194, 285 S.E. 2d 99 (1981). After the case was returned to the district court, a dispute arose as to the definition of "gross income." The separation agreement provides that after three years, the defendant will pay alimony which "shall be an amount equivalent to thirty percent (30%) of the Husband's then gross income." The court held that gross income included an amount the defendant had realized as a gain on the sale of real property. The defendant appealed.

*Riddle, Shackelford and Hyler, by Robert E. Riddle, for plaintiff appellee.*

*Erwin, Winner and Smathers, by Dennis J. Winner, for defendant appellant.*

WEBB, Judge.

The only question on this appeal is whether gross income includes a gain realized from the sale of property. We hold that it does. The separation agreement does not define gross income, but we believe it is ordinarily understood to include a gain on the sale of property. The defendant argues that although a capital gain is considered income under the Internal Revenue Code, it is not actually income but the transfer of value of something to the value of something else. Whatever the technical economic meaning of

the sale of property may be, we believe that most people consider a gain in the sale of property as income. Our thinking may be influenced by the Internal Revenue Code, but we believe that knowledge of the Code is so pervasive that the use of words "gross income" includes in the minds of most people a gain on the sale of property.

The defendant submitted an affidavit in which he stated that when he signed the separation agreement, he did not intend to include gains on the sale of property as income. We do not believe this uncommunicated understanding can alter what we hold are the plain words of the contract. The defendant also argues that the gain on the sale of the real property should not be included in his gross income because he received an interest from the plaintiff in the property by way of a deed executed contemporaneously with the separation agreement. He advances no reason why this is so and we cannot find such a reason.

Affirmed.

Judges ARNOLD and BRASWELL concur.