0366

Nancy J. C. HELLAMS, Respondent, v. Paul L. HARNIST and Lillian May Harnist, Appellants.

(325 S. E. (2d) 569)

Court of Appeals

*Donald B. Hocker,* Laurens, *for appellants.*

*Paul E. Gault, Jr.,* Fountain Inn, *for respondent.*

Heard Nov. 15, 1984.

Decided Jan. 14, 1985.

GARDNER, Judge:

Nancy J. C. Hellams (Mrs. Hellams) brought this action against Paul L. Harnist (Mr. Harnist) and Lillian May Harnist (Mrs. Harnist) for the reformation of a deed of Mrs. Hellams to Mr. and Mrs. Harnist. The appealed order reformed the deed on the grounds that there had been a mutual mistake in the drafting of the description of the deed. We disagree and reverse.

On June 27, 1980, Mrs. Hellams executed and delivered to Mr. and Mrs. Harnist a deed in which the conveyed property was described as follows:

> All that lot, piece or parcel of land lying, being and situate in the County of Laurens, State of South Carolina being bounded on the north by a paved street a distance of 88 feet more or less on the East by a store building presently occupied by H. Murk Gault, a distance of 23 feet more or less, on the North again by Gault dry cleaning [sic] establishment building (being a party wall) a distance of 80 feet more or less, on the East again by Main Street of the Town of Gray Court, a distance of 80 feet more or less on the South by lot heretofore conveyed to Charles Hellams, a distance of 166 feet more or less and on the West by telephone company lot, a distance of 103 feet more or less.
>
> Notwithstanding the dimensions stated above it is the intent and purpose of this deed to convey to the grantees herein all of the lands mentioned and described in deed from O. L. Boyd to Mrs. Ralph A. Hellams recorded the 1st of October, 1948 in Deed Book 94 at Page 120 except that portion thereof which was heretofore conveyed by the grantor herein to her son Charles Hellams. The lot

hereby conveyed has situate thereon a brick building heretofore known as Gray Court Motor Company.

Mrs. Hellams alleges and the trial court impliedly found that the attorney who drew the deed mistakenly included the second paragraph of the description and that the parties to the transaction did not intend for the deed to convey all of Mrs. Hellams property fronting on Main Street.

The dispute of the case is whether the parties intended the lot conveyed to front on Main Street 80 feet or 115.4 feet. The first paragraph is ambiguous as to the Main Street frontage in that it gives a frontage of 80 feet more or less but it reads that the subject lot is bounded on the south "by lot heretofore conveyed to Charles Hellams," which lot is 115.4 feet from the opposite boundary on Main Street. A sketch of the land involved is attached to this decision; the reader is requested to examine this sketch. The lot shown on the sketch as fronting on Main Street 35.4 feet is the disputed land.

The testimony of the parties to this action is conflicting. Mrs. Hellams testified she only intended to convey about 80 feet on Main Street. Mr. Harnist testified that he understood he was buying the entire Main Street frontage from the Gault lot to the Charles Hellams line. All agree that the negotiations leading to the conveyance were between Mrs. Hellams' husband, Ralph Hellams, admittedly Mrs. Hellams' authorized agent, and Mr. Harnist. An attempt was made by these two to measure the frontage but, according to Mr. Harnist's testimony, the property line of the Charles Hellams lot was not known to Ralph Hellams.

Mrs. Hellams acknowledged that the deed was read to her before execution. She is a literate woman who had prior experience in real estate transactions; however, she was in her late seventies and her eyesight was bad. Her son Charles and her husband were present when the deed was signed. Mrs. Hellams' husband read the deed to her before she signed it.

The deed was prepared by attorney Thomas A. Babb, a relative of Mrs. Hellams. Mr. Babb testified that the parties indicated that they believed, but did not know, that the frontage on Main Street was about 80 feet; however, the following testimony of Mr. Babb appears of record:

## DIRECT EXAMINATION

And my recollection is that Mr. Hellams became somewhat concerned that maybe there was not eighty feet in the property and based upon that, the second paragraph was put into the description.

## CROSS-EXAMINATION

Q. Do you specifically recall discussing the second paragraph of the deed with Mr. Hellams?

A. It was put there at his insistence, according to my recollection.

Q. The second paragraph?

A. Yeah.

Q. And why was it put there?

A. He seemed to feel that there was a possible shortage of the eighty feet because he was not sure of the location of his son's property line.

From this testimony, we conclude and hold that the scrivener did not mistakenly add the last paragraph to the deed description; it was intentionally inserted. We hold it means what it says and says what it was meant to say. Where a contract evidences care in its preparation, it will be presumed that its words were employed deliberately and with intention. *McPherson v. J. E. Sirrine & Co.*, 206 S. C. 183, 33 S. E. (2d) 501 (1945).

We additionally note that in this state when there is a conflict in a description of a deed between distances and boundaries, the boundary should control, *Smith v. Durant*, 236 S. C. 80, 113 S. E. (2d) 349 (1960). There are exceptions to this rule, but we hold them to be inapplicable to this case. The totality of the evidence establishes that it was the intent of Mr. Hellams, to whom Mrs. Hellams had delegated authority to tell the lawyer how to draw the deed, that the frontage on Main Street extend to the Charles Hellams lot. Mrs. Hellams is bound by the direction given to her lawyer by her husband and we so hold.

Lastly, we are impressed with the fact that Mrs. Hellams was accompanied at the closing of this transaction by her son and her husband who read the deed description to her. This court has held that a party who is capable of reading and understanding a document but fails to

read it prior to signing is bound by the terms thereof. *Sims v. Tyler*, 276 S. C. 640, 281 S. E. (2d) 229 (1981). Although negligence is no bar to an action to reform a written instrument, under the circumstances before us, we hold that Mrs. Hellams is bound by the deed perforce of the rule announced by *Sims*.

For the reasons given, the judgment below is reversed.

Reversed.

BELL and GOOLSBY, JJ., concur.