**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Christopher A. Clampitt, Appellant,

v.

Stacey T. Clampitt, Respondent.

Appellate Case No. 2020-001537

————————

Appeal From Lexington County
Mindy W. Zimmerman, Family Court Judge

————————

Unpublished Opinion No. 2023-UP-331
Heard September 11, 2023 – Filed October 11, 2023

————————

**AFFIRMED**

————————

David Kellum Allen, of The Allen Law Firm, P.A, of
West Columbia, for Appellant.

Bruce Wyche Bannister and Julie Elizabeth McCool,
both of Bannister, Wyatt & Stalvey, LLC, of Greenville,
for Respondent.

————————

**PER CURIAM:** Christopher A. Clampitt (Husband) appeals the family court's order finding him in contempt of temporary orders and awarding attorney's fees and costs to Stacey T. Clampitt (Wife). We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  We hold the family court did not err in finding Husband in contempt for failing (1) to disclose all financial documents as required by the September 11, 2017, consent pendente lite order (Temporary Order), and (2) to maintain funds in the family business's account for Wife's biweekly salary and the household bills as required by the March 29, 2018, supplemental temporary order modifying the Temporary Order.  *See Ex parte Cannon*, 385 S.C. 643, 660, 685 S.E.2d 814, 824 (Ct. App. 2009) ("Contempt results from the willful disobedience of a court order, and before a court may find a person in contempt, the record must clearly and specifically reflect the contemptuous conduct." (quoting *Widman v. Widman*, 348 S.C. 97, 119, 557 S.E.2d 693, 705 (Ct. App. 2001))); *id.* at 661, 685 S.E.2d at 824 ("A willful act is one . . . done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law.'" (omission in original) (quoting *Miller v. Miller*, 375 S.C. 443, 454, 652 S.E.2d 754, 759-60 (Ct. App. 2007))); *Brasington v. Shannon*, 288 S.C. 183, 184, 341 S.E.2d 130, 131 (1986) ("In a proceeding for contempt for violation of a court order, the moving party must show the existence of the order, and the facts establishing the respondent's noncompliance."); *Miller*, 375 S.C. at 454, 652 S.E.2d at 760 ("Once the moving party has made out a prima facie case, the burden then shifts to the respondent to establish his or her defense and inability to comply with the order." (quoting *Widman*, 348 S.C. at 120, 557 S.E.2d at 705)); *Bogan v. Bogan*, 298 S.C. 139, 142, 378 S.E.2d 606, 608 (Ct. App. 1989) ("The language used in a decree must be given its ordinary and commonly accepted meaning."); *Campione v. Best*, 435 S.C. 451, 460, 868 S.E.2d 378, 382 (Ct. App. 2021) ("In the contempt context, failure to obey is not excused just because a party dons blinders and convinces himself a court order does not mean what it plainly says."), *cert. denied*, S.C. Sup. Ct. Order dated Sept. 8, 2022.

2.  We hold the family court did not err in awarding Wife attorney's fees and expert fees.  *See Miller*, 375 S.C. at 463, 652 S.E.2d at 764 ("Courts, by exercising their contempt power, can award attorney's fees under a compensatory contempt theory."); *id.* ("Compensatory contempt seeks to reimburse the party for the costs it incurs in forcing the non-complying party to obey the court's orders."); *Buist v. Buist*, 410 S.C. 569, 576, 766 S.E.2d 381, 384 (2014) (stating an objection to an award of attorney's fees is not preserved unless the objecting party raised the specific objection either at trial or in a motion to alter or amend pursuant to Rule 59(e), SCRCP).

**AFFIRMED.**

**HEWITT and VERDIN, JJ., and LOCKEMY, A.J., concur.**