## 21037

Barbara F. McGREW, Respondent, v. Richard S. McGREW, Sr., Richard S. "Chip" McGrew, Jr., Patrick Neil McGrew, and Barbara Ann McGrew, Defendants, of whom Richard S. McGrew, Sr. is Appellant.

(257 S. E. (2d) 743)

*Thomas F. McDow,* Rock Hill, *for appellant.*

*Emil W. Wald,* Rock Hill, *for defendants.*

*James T. Irvin, Jr.,* Rock Hill, *for respondent.*

August 21, 1979.

LEWIS, Chief Justice:

This appeal is from an order of the Family Court deciding issues relating to the custody and support of the children of the parties.

Appellant and respondent were married in 1964 and separated in November 1976. Three children were born to the marriage and are respondentts in this appeal—Chip age 12, Patrick Neil age 7, and Barbara Ann age 3.

At the time of their separation in November 1976, the husband and wife entered into a separation agreement which provided, among other things, that (1) the wife would have sole custody of the three minor children; (2) the husband would pay $400 per month as child support; and (3) the husband would continue to make payments on the marital home until it could be sold.

Although there had never been any previous litigation between the husband and wife and, therefore, no previous order of the court directing that support payments be made, the wife instituted this action in December 1977 in the Family Court alleging that the husband had not complied with "a previous support order of the court and that he was in arrears in support payments in the sum of $3,168.00". Based upon these allegations, a Rule was issued requiring the husband to show cause why he "should not be adjudged in contempt of court for such disobedience" of the alleged previous, but non-existent, court order. Subsequent pleadings placed in issue the custody of the children.

After a hearing, the lower court awarded custody of the children to the wife; directed the husband to pay the sum of $1,904.53, representing the amount found to be due under the separation agreement; and also directed the husband to pay the sum of $350 to the wife as attorney's fees for the prosecution of this action. The husband has appealed, challenging these findings by the lower court.

We find it unnecessary to review the conflicting testimony touching the issue of child custody. The trial judge concluded, upon sufficient evidence, that the best interests of the children required that the wife retain their custody, and we find no basis upon which to upset these findings.

The order allowing counsel fees for respondent's attorney was also proper. *Bond v. Bond,* 252 S. C. 363, 166 S. E. (2d) 302; *Cason v. Cason,* 271 S. C. 393, 247 S. E. (2d) 673.

The Family Court was, however, without jurisdiction to determine the arrearage due under the separation agreement, since such liability was based solely upon the contract between the parties. *Zwerling v. Zwerling,* S. C., 255 S. E. (2d) 850 (1979). Therefore, so much of the order under appeal as directs the husband to pay the sum of $1,904.53 is reversed. The wife is free, of course, to pursue her contract remedies to recover for the husband's alleged breach of the separation agreement, and any other remedies available to require the husband to comply with his duty and obligation to support his children.

The judgment is accordingly affirmed in part and reversed in part.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.