21463

Joan D. KELLY, Respondent-Appellant, v. Arthur J. EDWARDS, Appellant-Respondent.

(278 S. E. (2d) 773)

*John I. Mauldin* of *Yarborough, Mauldin & Allison,* Greenville, *for appellant-respondent.*

*W. Howard Boyd, Jr.* of *Rainey, Britton, Gibbes & Clarkson,* Greenville, *for respondent-appellant.*

May 26, 1981.

NESS, Justice:

This is an appeal from an order of the family court requiring appellant, Arthur J. Edwards, to pay child support and perform other affirmative acts under a 1969 separation agreement which was incorporated but not merged in a subsequent Mexican divorce. We vacate and remand.

Edwards first asserts the family court lacked subject matter jurisdiction because this is a contractual dispute. We agree.

The parties were married in New York. In 1969 they entered into a separation agreement which contained the following pertinent language:

"(16) Nothing herein contained shall be deemed to prevent either of the parties hereto from maintaining a suit for absolute divorce against the other in any jurisdiction because of any past or future fault on the other's part. In the event any such action is so instituted, this Agreement shall be offered in evidence in such suit, and if acceptable to the court granting the decree of absolute divorce, shall be incorporated by reference in the decree that may be granted therein. The decree shall be in conformity with the provisions hereof, and shall in no respect impair or modify the same. However, *notwithstanding such incorporation, this Agreement shall not be merged in the decree, but shall survive the same and shall be binding and conclusive on each of the parties hereto for all time.*"

The above quoted language evidences the intent of the parties to be bound by the separation agreement in determining the rights and liabilities thereunder. As the issue of child support was not before the family court, only the interpretation of the contract was in issue, therefore, the family court was without subject matter jurisdiction to determine contractual obligations. See: *Zwerling v. Zwerling*, 273 S. C. 292, 255 S. E. (2d) 850, 851 (1979); *McGrew v. McGrew*, 273 S. C. 556, 257 S. E. (2d) 743 (1979).

It is unnecessary to address appellant's remaining exceptions as we conclude the family court was without jurisdiction to hear this case. The order is vacated and the case is remanded to the family court for the purpose of entering an appropriate order transfering the case to the Geenville County Court of Common Pleas.

Vacated and remanded.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.