### 21634

Diann S. BROOKS, Individually and as Natural Guardian of Walter W. Brooks, Jr., Diann Simms Brooks, and Patrick Nelson Brooks, Appellants, v. Walter W. BROOKS, Individually, and as Owner and President of Executive Investments, Ltd.; as Stockholder and in Control of Broad River Land Company, Inc.; as Sole Shareholder, Director, and Officer of Supreme Properties, Inc.; as Former Stockholder of Jodphurs, Inc. and Executive Investments, Ltd., Broad River Land Company, Inc.; and Supreme Properties, Inc., Respondents.

(286 S. E. (2d) 669)

*Jan L. Warner and C. Dixon Lee, III,* Sumter, *for appellants.*

*Joseph H. Belser, Jr.,* Columbia, *for respondents.*

January 25, 1982.

*Per Curiam:*

Appellant (Diann S. Brooks) appeals the trial judge's refusal to hold respondent (Walter W. Brooks) in contempt of a court-appproved agreement of the parties. We reverse.

The parties entered a lengthy agreement in March 1980 in settlement of pending litigation. The agreement was approved by the family court but was not merged in the court's order. The court retained jurisdiction to enforce the agreement but not to modify any payments other than those for child support.

Appellant petitioned in August 1980 for a contempt citation, enforcement of the agreement, and other relief. Appellant alleged and testified at the hearing that respondent was in default of various portions of the agreement. Her testimony included claims of respondent's failure to pay the balance due on her Mercedes automobile or $6,000; his failure to pay $20,000 toward satisfaction of certain judgments by May 18, 1980; and his failure to pay $500 per month toward the balance remaining on the judgments.

Respondent is a disbarred attorney, *see Matter of Brooks,* 274 S. C. 601, 267 S. E. (2d) 74 (1980). Respondent stated that at the time the agreement was signed he was unemployed but fully expected to be practicing law again within a month. He testified his disbarment on May 6, 1980 substantially altered his ability to produce income and comply with the agreement.

Respondent testified that despite financial setbacks he has managed to stay current on weekly child support payments. He testified appellant receives the entire proceeds of a

second mortgage on property sold by one of his corporations. To further support his contention that he has made every effort to comply with the agreement, respondent described a conveyance of certain property to his minor son.

Respondent acknowledged he has not made the $20,000 payment due on May 18, 1980. Respondent also admitted he failed to pay the balance due on appellant's car or $6,000 as required by the agreement. Once the moving party makes out a *prima facie* case of default in payment, the burden is on the party against whom a contempt citation is sought to show his inability to comply. *Redick v. Redick*, 266 S. C. 241, 222 S. E. (2d) 758 (1976).

Before a person may be held in contempt however, the record must be clear and specific as to the acts and conduct upon which such finding is based. *Bigham v. Bigham*, 264 S. C. 101, 212 S. E. (2d) 594 (1975). Where the contemnor is unable, without fault on his part, to obey an order of the court, he is not to be held in contempt. *Jackson v. Jackson*, 241 S. C. 1, 126 S. E. (2d) 855 (1962). Judgment of contempt should be imposed sparingly. Determination of the issue is within the trial court's discretion. Id. Yet, the trial court's refusal to hold a party in contempt may be reversed where the holding is based on a finding that is without evidentiary support. *Bearden v. Bearden*, 272 S. C. 378, 252 S. E. (2d) 128 (1979).

The lower court found respondent had complied with the agreement to the extent able and refused to hold him in contempt. The record, however, indicates that since the time of the agreement, respondent has had substantial sums of money available to him which he has used for other purposes and in payment of other debts. The record further reveals that respondent has kept current his $499 payments on the Mercedes automobile he drives. The record contains evidence of equity in various properties.

In addition, the lower court found respondent had suffered severe business reversals not contemplated at the time of the agreement. Respondent's testimony on this point concerned his

inability to practice law and his difficulty in collecting outstanding attorney's fees following his disbarment.

We are convinced, however, that respondent should have realized when he signed the agreement that disbarment was a possibility. Respondent's disbarment came less than two months after the agreement was signed by the parties and approved by the court. The agreement stated that respondent was presently unemployed and the court's order approving the agreement recited that respondent understood the terms of the agreement and intended to comply despite his unemployment.

The family court's findings that respondent complied with the terms of the agreement to the extent possible and that his disbarment caused unforeseen financial setbacks are without evidentiary support. Therefore, we reverse the family court's refusal to hold respondent in contempt and remand for further proceedings consistent with this opinion. *Bearden v. Bearden, supra.*

Appellant also challenges the family court's ruling with respect to the payment on her automobile. The agreement obligated respondent to pay off the balance on appellant's leased automobile by April 11, 1980, or pay appellant the sum of $6,000 by April 6, 1980. Respondent admitted he did neither. Appellant subsequently borrowed money to pay the leasing company the sum necessary to obtain title.

The family court found respondent was indebted to appellant only in the amount she actually paid the leasing company, which was an amount less than $6,000. That ruling in effect modified the agreement when both the agreement and order provided that the agreement was not modifiable by the court, except as to child support. We hold the family court exceeded its authority when it materially altered this portion of the agreement to appellant's detriment. *Moesley v. Moesley,* 263 S. C. 1, 207 S. E. (2d) 403 (1974).

Finally, appellant argues the family court erred in refusing to require respondent to make child support payments through the court. Respondent ordinarily

meets the child support obligation by depositing the money directly into appellant's bank account. Appellant says she must call he bank several times a week to determine if the money has been deposited.

The parties differed as to whether child support payments were current. Appellant testified she never received three of the weekly payments. Respondent testified that on those occasions child support was paid in cash to the parties' minor son. Payment through court where records are maintained should eliminate both the possibility of future disputes over payments received and the uncertainty appellant experiences with the direct bank deposits.

We need not reach other exceptions argued by appellant in view of our disposition of the above issues.

Accordingly, the order of the family court is reversed insofar as it refused to hold respondent in contempt, refused to require that child support be paid through the court, and altered the portion of the agreement regarding appellant's car. The case is remanded to the family court for further proceedings consistent with this opinion.