### 21717

James B. BRYANT, Jr., Respondent, v. Janice R. VARAT, Appellant.
(292 S. E. (2d) 298)

*Jesse C. Belcher,* of *Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for appellant.*

*Kenneth C. Porter,* of *Porter & Rosenfeld,* Greenville, *for respondent.*

June 7, 1982.

*Per Curiam:*

Janice R. Varat appeals an order of the Family Court which held her in contempt of court for violation of an agreement of the parties incorporated by reference in the parties' divorce

decree. The dispute concerns the proper interpretation of a provision of the agreement regarding payment by Mrs. Varat of a portion of the equity in the marital residence of James B. Bryant, Jr., Mrs. Varat's former husband. We hold the Family Court lacked subject matter jurisdiction over the controversy.

The parties entered an Agreement on January 20, 1978, which contained the provision regarding division of the equity in the home. Also included in the Agreement was the following paragraph:

11. This agreement shall be incorporated into any order issued, but shall retain its separate identity and shall not merge into the order. There shall be no other terms in any order of divorce or separation unless agreed to by both parties in writing.

This language reveals the parties' intent that the agreement should remain contractual in nature, despite subsequent incorporation into the divorce decree. The dispute, therefore, concerned a contractual obligation and the Family Court was without subject matter jurisdiction. *Kelly v. Edwards*, S. C., 278 S. E. (2d) 773 (1981).

Appellant's other exceptions need not be addressed. The order is vacated insofar as it purported to interpret the agreement regarding payment of equity and insofar as it held Mrs. Varat in contempt of court. The case is remanded to the Family Court for the purpose of entering an appropriate order transferring the case to the Circuit Court for Greenville County for resolution of the issue regarding the equity in the marital home.

Appellant's request for attorney's fees on appeal is denied.

Vacated in part and remanded.