21983

Deborah C. MOSELEY, Appellant; v. John R. MOSIER, Respondent.

(306 S. E. (2d) 624)

*Jan L. Warner* and *C. Dixon Lee, III*, Sumter, *for appellant.*

*J. Kennedy DuBose, Jr.*, of *Holland & DuBose*, Camden, and *Henry Hammer*, of *Hammer & Bernstein*, Columbia, *for respondent.*

Aug. 30, 1983.

HARWELL, Justice:

Appellant alleges the family court erred in deferring respondent's sentence for contempt of court. Respondent replies that the family court did not have jurisdiction to hold him in contempt. We reverse the case and remand for a new trial.

Appellant petitioned the family court to hold respondent in contempt for failing to pay the full amount of child support as provided in the parties' separation agreement. The agreement, which provided $150 a week child support, was incorporated but not merged into the divorce decree. The family court found respondent in contempt but deferred sentencing. Because of a change in circumstances, it ordered him to pay $500 of the $2,000 child support arrearages, attorney's fees of $200 and $75 a week future child support. It did not forgive any past

or future remaining support payments but ordered that all arrearages would accrue and accumulate. Appellant alleges the court erred by altering the previous support obligation of the separation agreement. She argues that the obligation arises out of contract and cannot be judicially altered. On the other hand, respondent contends that if the separation agreement governs his support obligation, the family court was without jurisdiction to hold him in contempt. He alleges appellant's remedies are found in contract law.

Initially, we address the child support jurisdiction issue. Family courts may always modify child support upon a proper showing of a change in either the child's needs or the supporting parent's financial ability. *Smith v. Smith*, 275 S. C. 494, 272 S. E. (2d) 797 (1980). Today we clarify the issue by stating that family courts have continuing jurisdiction to do whatever is in the best interests of the child regardless of what the separation agreement specifies. Therefore, on remand the family court has jurisdiction to determine what is the best interests of the child.

Next, we address the contempt issue. We agree with respondent that the family court erred in finding him in contempt for failure to comply fully with the separation agreement. Contempt results from the willful disobedience of a court's order. The family court order fails to state facts showing that respondent *willfully* failed to pay child support. Before a court finds a person in contempt, the record must clearly and specifically reflect the contemptuous conduct. *Curlee v. Howle*, 277 S. C. 377, 287 S. E. (2d) 915 (1982). Contempt occurs when a parent ordered to pay child support voluntarily fails to pay. When the parent is *unable* to make the required payments, he is not in contempt. The record in this case reveals that respondent faithfully paid each week as much child support as he could afford.

Furthermore, the second element of contempt, a court order, is absent in this case. Respondent's child support obligation arises out of a separation agreement, not a court order. Even if respondent willfully failed to pay, the court could not hold him in contempt. On remand, appellant's cause of action will be for breach of contract. If the court determines respondent is able to comply, it may order him to specifically perform the terms of the agreement. If he does

not, the court then could hold him in contempt of its order. On the other hand, if the court determines that repondent cannot comply with the agreement, it may judicially set a smaller amount of temporary child support. In those circumstances, we believe the child's best interests are met by setting a smaller amount than by sentencing the child's supporter for contempt.

Both parties have briefed and argued extensively the subject matter jurisdiction issue of the separation agreement. Their divorce decree theoretically disposed of the issue by stating the agreement was approved by the court and incorporated without merger into the final decree. Words of art such as "ratified," "adopted," "approved," "incorporated" and "merged," and "incorporated without merger" consistently have confused attorneys, judges and laymen in this state. We concluded in *Kelly v. Edwards*, 276 S. C. 368, 278 S. E. (2d) 773 (1981) that a separation agreement "incorporated but not merged" into a divorce decree was enforceable only as a contract and not as a decree. Therefore, we held the family court lacked subject matter jurisdiction to enforce the agreement.

Subsequently, in *Brooks v. Brooks*, 277 S. C. 322, 286 S. E. (2d) 669 (1982), we confused the matter by holding that the family court properly held appellant in contempt for violating a separation agreement that was not merged in the final decree. There the agreement provided that the family court retained jurisdiction to enforce the agreement but not to modify any payments other than those for child support. However, heretofore parties could not confer subject matter jurisdiction by agreement. 20 Am. Jur. (2d) *Courts* § 139 (1965).

More recently, in *Bryant v. Varat*, 278 S. C. 77, 292 S. E. (2d) 298 (1982), we ignored the *Brooks* case, once again followed *Kelly*, and held that the family court lacked subject matter jurisdiction to hold appellant in contempt for failing to comply with a separation agreement that was incorporated but not merged into a divorce decree. We attempted to determine the parties' intent by looking at the language of the agreement.

The parties' intent is rarely revealed from the agreement's words of art. Generally, those terms are used without intending or implying any particular legal

consequences. Later, courts impose the consequences upon the unsuspecting parties. Today, we overrule those cases which hold that words of art make a major distinction in the operation of divorce law. Furthermore, jurisdiction for all domestic matters, whether by decree or by agreement, will vest in the family court. In all decrees entered after their decision, the parties may contract concerning their property settlement and alimony, but the submitted agreement must be approved by the family court. The parties may specifically agree that the amount of alimony may not ever be modified by the court; they may contract out of any continuing judicial supervision of their relationship by the court; they may agree that the periodic payments or alimony stated in the agreement shall be judicially awarded, enforceable by contempt, but not modifiable by the court; they may agree to any terms they wish as long as the court deems the contract to have been entered fairly, voluntarily and reasonably. With the court's approval, the terms become a part of the decree and are binding on the parties and the court. However, unless the agreement unambiguously denies the court jurisdiction, the terms will be modifiable by the court and enforceable by contempt.

Under our ruling today, family courts will retain their traditional powers of contempt and ability to modify support orders. However, an approved agreement, unambiguously stipulating that the terms may not be enforced by contempt and/or that they may not be altered, binds the court, as well as the parties, to those terms.

Today we attempt to eliminate the words of art from domestic law. We assume that any settlement in a divorce decree is intended to be judicially decreed unless there is some explicit, clear and plain provision in the court approved separation agreement or the decree. Family courts, of course, have continuing jurisdiction to modify child support. We base our reasoning in part on the West Virginia case of *In Re Estate of Hereford*, 250 S. E. (2d) 45 (1978).

Accordingly, we reverse the case before us. On remand, the family court will hear the case under its continuing judicial supervision of child support.

LITTLEJOHN, NESS and GREGORY, JJ., concur.

LEWIS, C. J., dissents.

LEWIS, Chief Justice (dissenting):

The trial judge held the respondent in contempt for failure to make child support payments in accordance with a prior divorce decree. The provisions for child support were contained in a prior separation agreement which had been made a part of the decree by reference.

The questions of whether the lower court had jurisdiction to adjudge respondent guilty of contempt or the merits of such determination have not been raised by any exception on appeal and are not properly before the Court for determination.

The sole issue in this appeal is whether the Family Court erred in failing to enforce the provisions for child support as set forth in the separation agreement and made a part of the order of the court by reference.

The trial judge, in holding respondent in contempt for failure to make child support payments, deferred sentence upon respondent paying $500.00 on the arrearage and making future payments in the amount of $75.00 per week. The order provided that the arrearage under the prior divorce decree, above the amounts ordered to be paid in this matter, would accrue and accumulate. The original divorce decree, of which the separation agreement was a part, was therefore not modified, rather the payment of any arrearage was simply deferred.

I agree that the Family Court always has jurisdiction to modify child support upon a proper showing. This is in accord with our prior holding that no agreement of the parties can prejudice the rights of the children. *Johnson v. Johnson*, 251 S. C. 420, 163 S. E. (2d) 229. The court may, therefore, enforce an agreement of the husband and wife relative to their child or may modify such an agreement, as the best interest of the child dictates.

Regardless of what might have been the authority of the court with reference to other matters contained in the separation agreement, it is conceded that the court had jurisdiction at all times over questions concerning child support. In this case, the court reviewed the terms of the separation agreement as to child support, approved them, and made these provisions a part of the divorce decree. No one knew better than respondent that he had agreed to support his children, the amount of the payments to be made, and that he was

under an order of court to pay. To now say, as does the majority, that there was no order directing the payment of child support is to completely ignore the plain facts contained in this record.

The only issue remaining is whether the trial judge properly deferred sentence on finding respondent guilty of contempt. The imposition of sentence for contempt is a matter resting largely within the discretion of the trial judge. Whether that discretion was properly exercised in this case should be determined in the light of the present facts. Since the order under appeal was issued about three (3) years ago, I would remand the question of sentence and the payment of arrearages to the lower court with instructions to forthwith reexamine these matters in the light of the present facts.

The order of the lower court should be affirmed and the cause remanded for reexamination of the issues of sentence and payment of the arrearage due.

I therefore dissent.