1022

Bobbie B. ROBERTS, Respondent v. Melvin L. ROBERTS, Petitioner.

(361 S. E. (2d) 341)

Court of Appeals

*Beverly A. Carroll* of *Roddey, Carpenter & White,* Rock Hill, and *Harvey L. Golden,* Columbia, *for petitioner.*

*Charles B. Ridley* of *Ridley, Ridley & Burnette,* Rock Hill, *for respondent.*

Heard Sept. 16, 1987.

Decided Oct. 12, 1987.

GOOLSBY, Judge:

This case involves a property settlement agreement that the family court neither incorporated nor merged in its final decree divorcing the respondent Bobbie B. Roberts from the appellant Melvin L. Roberts on September 8, 1981, and approving as fair and equitable and as voluntarily and prop-

erly made the settlement agreement between the parties. After the family court entered its final decree and the time for appeal had lapsed, the family court on January 21, 1982, reopened the case "for the purpose of hearing the issues" raised in an amended petition filed by Mrs. Roberts. Mr. Roberts contends that the family court, in reopening the case for these purposes, granted relief that the family court lacked subject matter jurisdiction to grant. We agree and reverse.

Mrs. Roberts seeks by an amended petition to have the family court (1) modify its final decree by making the settlement agreement a court order "so that [the family] court may then be able to exercise its jurisdiction over the [settlement] agreement," (2) inquire into the sale by Mr. Roberts of a cablevision company that occurred after the entry of the divorce decree and determine whether she was entitled to any portion of the proceeds of sale, (3) inquire into whether Mr. Roberts misinformed her about three tax refunds with which Mr. Roberts attempted to pay attorney fees due under the settlement agreement and determine whether she was entitled to any portion of the refund amounts, (4) require Mr. Roberts to pay attorney fees prescribed by the settlement agreement that were allegedly past-due, and (5) require Mr. Roberts to pay her attorney fees for bringing the instant action.

Because the family court's decree approving the settlement agreement at issue is now final, subject matter jurisdiction as to all matters relating to the settlement agreement, including its interpretation, its enforcement, and its possible rescission on the ground of fraud, rests with the circuit court and not with the family court. *See Bryant v. Varat,* 278 S. C. 77, 292 S. E. (2d) 298 (1982) (the family court lacked subject matter jurisdiction to enforce by contempt a property settlement agreement incorporated but not merged in the parties' divorce decree); *Kelly v. Edwards,* 276 S. C. 368, 278 S. E. (2d) 773 (1981) (the family court lacked subject matter jurisdiction to interpret a separation agreement incorporated but not merged in the decree); *McGrew v. McGrew,* 273 S. C. 556, 257 S. E. (2d) 743 (1979) (the family court lacked subject matter jurisdiction to determine the arrearage due under a separation agreement because any such liability was based solely upon the agree-

ment); *Zwerling v. Zwerling*, 273 S. C. 292, 255 S. E. (2d) 850 (1979) (the family court lacked subject matter jurisdiction to enforce foreign judgments for support payments that were past due under a separation agreement where the agreement had been neither incorporated nor merged in the decree); *cf. Baeza v. Robert E. Lee Chrysler, Plymouth, Dodge, Inc.*, 279 S. C. 468, 309 S. E. (2d) 763 (Ct. App. 1983) (a party induced by fraud to enter into a contract may seek rescission of the contract). The family court, therefore, committed reversible error in reopening the case for the purpose of entertaining the issues raised by Mrs. Roberts in her amended petition.

The family court hinged its authority to reopen the case and to determine the issues raised by Mrs. Roberts's amended petition strictly upon what is now Section 20-7-420(25) of the South Carolina Code of Laws (1976). This statute permits the family court "[t]o modify or vacate any order issued by the court." *Id.* Section 20-7-420(25), however, cannot be invoked to confer jurisdiction upon a family court to modify or vacate an order approving a property settlement agreement where, as in the instant case, the parties have contracted away the continuing jurisdiction of the family court to supervise their settlement agreement, the family court has approved the settlement agreement as fair and equitable, and the order approving the settlement agreement has become final. *See Moseley v. Mosier*, 279 S. C. 348, 353, 306 S. E. (2d) 624, 627 (1983) (wherein, notwithstanding Section 20-7-420(25) of the Code, the Supreme Court stated that, "[i]n all decrees entered after this decision" and subject to approval by the family court, parties "may contract concerning their property settlement" and, in doing so, "may contract out of any continuing judicial supervision of their relationship by the court"). The statute allows a family court to modify or vacate an order issued by it only where the family court otherwise has subject matter jurisdiction.

We do not discuss the exception taken by Mr. Roberts to the failure of the hearing judge to recuse himself from entertaining Mrs. Roberts's amended petition.

Accordingly, the order appealed from is

Reversed.

Shaw and Bell, JJ., concur.