1901

George McALEESE, Appellant v. Shirley B. McALEESE, Respondent.
(424 S.E. (2d) 558)

Court of Appeals

*Bruce M. Poore,* York, *for appellant.*

*Forrest C. Wilkerson,* Rock Hill, *for respondent.*

Heard Oct. 5, 1992; Decided Nov. 30, 1992.

Reh. Den. Jan. 8, 1993.

GARDNER, Judge:

George McAleese (the husband) instituted this action against Shirley B. McAleese (the wife) seeking termination of his obligation to pay alimony. The husband alleged in pertinent part:

> 6. That the Plaintiff and the Defendant agreed at the time of their divorce that the obligation of the Plaintiff to pay alimony or separate support and maintenance to the Defendant would terminate when the child of the parties graduated from high school and commenced her college education.

The husband alleged that the child had commenced college and prayed for termination of alimony. The wife answered and counterclaimed alleging that an order subsequent to the original divorce decree provided that alimony would continue until the further order of the court. The appealed order denied the relief sought by the husband. We affirm.

## ISSUE

The sole issue of merit is whether the trial judge erred in ordering the husband to continue alimony payments until the further order of the court.

## FACTS

In 1979 the parties entered into a "Property Separation

Agreement" (the separation agreement) which included a provision to the effect that the husband would pay alimony for a period of ten years at which time the husband's obligation to pay alimony would cease.

The parties thereafter were divorced by decree dated February 21, 1980. That divorce decree made reference to the separation agreement and then held:

> Based on the above findings and the agreement reached by the parties;

IT IS ORDERED, ADJUDGED AND DECREED:

> \* \* \* \* \* \*

> 11. The Petitioner will pay the Respondent One Thousand and no/100 ($1,000.00) Dollars per month for the support of herself and the minor child. These payments shall commence on February 10, 1980 and shall be due and payable on the 10th of each month thereafter. Said payments will continue until the minor child goes to college. While the child is in college, the Petitioner will fully support her paying not only her tuition, but also paying for her room, board, books, clothes, travel expenses, or any other reasonable expenses incurred by the child while in college.

Subsequently, the parties came before the court and orders were issued on six separate occasions. No appeals were perfected except the appeal in this case which is from an order dated November 1, 1990. The appealed order holds that the order of October 30, 1987 and the supplemental order of December 7, 1987 were dispositive of the issues presented by the pleadings of this case. We agree.

The order of October 30, 1987 contained the following provisions:

> Prior to the taking of any testimony the parties, through their attorneys, announced to the Court that an agreement had been reached concerning the issues raised by the pleadings. The agreement, as announced to the Court, is as follows:

1. Alimony will be increased to Seven hundred fifty
and no/100 ($750.00) Dollars per month commencing
November, 1987.
2. Alimony shall continue until the death or remarriage
of the Petitioner, the death of the Respondent, or further Order of this Court.

The court further found:

IT IS THEREFORE ORDERED, ADJUDGED AND
DECREED that the agreement of the parties, as set
forth in paragraph 1 through 4 above, is hereby approved
and made an Order of this Court and henceforth shall be
enforceable through this Court by contempt proceedings
or otherwise.

There is a supplemental order dated December 7, 1987,
which provides that the order of October 30, 1987, be
amended to provide "alimony shall continue until further order of this court." Of great importance to this decision
is the fact that the orders of October 30, 1987, and the order of
December 7, 1987 were not appealed and constitute the law of
this case. *E.g. Bowling v. Mangum,* 122 S.C. 179,115 S.E. 212
(1922).

The complaint in this case alleged that the parties had
agreed at the time of their divorce that the obligation
of the plaintiff to pay alimony or separate support and
maintenance would terminate when the child of the parties
graduated from high school and commenced college.[1] Assuming that, to be true, this agreement was modified by the
agreement approved by the court by order of October 30,
1987. We hold that the Family Court had subject matter jurisdiction to approve a post-*Moseley*[2] agreement modifying a
pre-*Moseley* agreement.

---

[1] We note, however, that in a contempt order issued March 1, 1990, Judge
Mendenhall wrote the following, "I further find that it was the intention of
the parties that when the parties' child, who was then in the custody of Mrs.
McAleese, *went to college the amount of alimony Mr. McAleese had to pay
would be set at that time.*" (Emphasis added.) The trial judge's interpretation
of the parties' original intent reflects a significant difference from that argued
by the husband and the dissent. No appeal was taken from the order.

[2] *Mosely v. Mosier,* 279 S.C. 348, 306 S.E. (2d) 624 (1983).

## CONCLUSION

For the above reasons, the appealed order is affirmed.

Affirmed.

LITTLEJOHN, Acting J., concurs.

GOOLSBY, J., concurs in separate opinion.

GOOLSBY, Judge (concurring):

I concur in the result reached by the majority. I would hold Mr. McAleese is now barred from relitigating the question of whether his obligation to pay alimony terminated when the parties' child entered college. Judge Mendenhall addressed this issue in his unappealed contempt order dated March 1, 1990, and held Mr. McAleese's obligation to pay alimony continued even though the child, the parties apparently agreed, had entered college. *Lawter v. Lawter*, 289 S.C. 298, 345 S.E. (2d) 479 (1986).