509 S.E.2d 486

**Ex parte Petition of Patricia Houston MESSER.**

**In re John A. Messer, III, Respondent,**

v.

**Patricia Houston Messer, Appellant.**

**No. 2913.**

Court of Appeals of South Carolina.

Heard Nov. 5, 1998.

Decided Dec. 14, 1998.

392

J.D. Todd, Jr., and William B. Swent, both of Leatherwood, Walker, Todd & Mann, of Greenville, for appellant.

Randolph W. Hunter and Margaret Sheehan Plummer, both of Randolph W. Hunter Law Firm, of Greenville, for respondent.

HEARN, Judge:

Patricia Houston Messer appeals from a family court order dismissing her petition and rule to show cause for contempt on the ground the parties had previously agreed to arbitrate all disputes connected with their separation agreement. We reverse.

## FACTS

These parties were formerly husband and wife, having been divorced in September of 1983. Prior to their divorce, the parties entered into a separation agreement, which, *inter alia,*

provided for Wife's support.[1] Paragraph seventeen of the agreement stated:

> Any dispute or misunderstanding arising out of or in connection with this Agreement shall be arbitrated. Accept [sic] as otherwise below provided, the arbitration shall be had pursuant to Section 15–47–10 through Section 15–47–30 of the Code of Laws of the State of South Carolina, 1976 as amended. The parties intend that such decision of the arbitrators shall be final and Section 15–47–40 and Section 15–47–50 of the Code of Laws of the State of South Carolina shall have no effect and there shall be no right of appeal.

In the parties' divorce decree, dated September 14, 1983, the family court judge approved the agreement and made it a part of the decree.

By petition dated August 15, 1997, Wife alleged Husband had refused to make alimony payments as provided in paragraph four of the separation agreement and sought to hold him in contempt. In his reply, Husband asserted that, pursuant to paragraph seventeen of the agreement, this dispute should be submitted to arbitration. Thereafter, Husband filed a motion to dismiss the action based on lack of subject matter jurisdiction.

At the hearing on Husband's motion to dismiss, counsel for Wife asserted the arbitration provision contained in the separation agreement was unenforceable because it did not comply with South Carolina Code section 15–48–10(a). The family court judge ruled that because the separation agreement had been approved and made an order of the court, the provision with respect to arbitration was no longer part of a contract subject to section 15–48–10(a), but was binding as a court order. Accordingly, the family court judge granted Husband's motion to dismiss, finding that any dispute must be resolved by arbitration.

---

1. Paragraph four established Husband's alimony obligation at $1,200 per month and his child support payments at $500 per month, provided, however, when his child support obligation ceased, Wife's alimony was to be recalculated pursuant to a formula based upon 30% of Husband's first $85,000 in income and 10% of any amount over $85,000. The provision stated that in no event would Husband's alimony obligation be less than $16,000 per year nor more than $29,000 per year.

*LAW*

### 1. Arbitration

The controlling statute, S.C.Code Ann. § 15–48–10(a) (Supp. 1997), in relevant part provides that

a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract. Notice that a contract is subject to arbitration pursuant to this chapter shall be typed in underlined capital letters, or rubber-stamped prominently, on the first page of the contract and unless such notice is displayed thereon the contract shall not be subject to arbitration.

Subsection (b) goes on to exclude certain types of claims from the Uniform Arbitration Act, including workers' compensation claims, unemployment compensation claims, and collective bargaining disputes between employers and employees. Also excluded are lawyer-client and doctor-patient agreements, personal injury claims, and claims based on insurance or annuity contracts. S.C.Code Ann. § 15–48–10(b).

In *Soil Remediation Co. v. Nu–Way Env., Inc.*, 323 S.C. 454, 476 S.E.2d 149 (1996), the South Carolina Supreme Court held that section 15–48–10 must be strictly construed by the courts. "The terms of the statute are clear; therefore, the court must apply those terms according to their literal meaning." *Id.* at 457, 476 S.E.2d at 151; *see Osteen v. T.E. Cuttino Constr. Co.*, 315 S.C. 422, 424, 434 S.E.2d 281, 282–83 (1993); *Timms v. Greene*, 310 S.C. 469, 472–73, 427 S.E.2d 642, 643–44 (1993); *Circle S. Enters., Inc. v. Stanley Smith & Sons*, 288 S.C. 428, 429 n. 1, 343 S.E.2d 45, 46 n. 1 (Ct.App.1986).

### 2. Separation Agreements

Prior to 1983, the law in South Carolina was unclear as to what specific words were necessary to render a separation agreement enforceable in the family court. In *Kelly v. Edwards*, 276 S.C. 368, 278 S.E.2d 773 (1981), the supreme court held that an agreement incorporated but not merged in a divorce decree was enforceable only as a contract and that the family court lacked subject matter jurisdiction to enforce it.

Thereafter, in *Brooks v. Brooks,* 277 S.C. 322, 326, 286 S.E.2d 669, 671 (1982), the supreme court concluded the family court properly held a party in contempt for violating a separation agreement that was not merged in the final decree. *See also Bryant v. Varat,* 278 S.C. 77, 292 S.E.2d 298 (1982) (holding that the family court lacked subject matter jurisdiction to hold a party in contempt where the separation agreement was *incorporated* but not merged into a divorce decree).

In 1983, however, the South Carolina Supreme Court held that words of art were no longer controlling on whether the family court had jurisdiction to enforce a separation agreement that had been approved by the family court. *Moseley v. Mosier,* 279 S.C. 348, 353, 306 S.E.2d 624, 627 (1983). The court held: "In all decrees entered after this decision, the parties may contract concerning their property settlement and alimony, but the submitted agreement must be approved by the family court.... [U]nless the agreement unambiguously denies the court jurisdiction, the terms will be modifiable by the court and enforceable by contempt." *Id.*

■ *Moseley* makes it clear that except for matters relating to children, over which the family court retains jurisdiction to do whatever is in their best interest, parties to a separation agreement may "contract out of any continuing judicial supervision of their relationship by the court." *Id.* Moreover, it specifically provides that the parties "may agree to any terms they wish as long as the court deems the contract to have been entered fairly, voluntarily and reasonably." *Id.* Therefore, parties to a separation agreement may agree to submit all disputes, other than those involving their children, to arbitration and thus deprive the family court of its traditional powers of enforcement over those disputes.

Although the agreement here was executed prior to *Moseley,* it was approved by the family court shortly after issuance of the opinion. Thus, the agreement became a part of the decree. *Id.*

## DISCUSSION

On appeal, Wife argues the family court judge erred in holding that the parties are bound by an arbitration clause

that does not comply with the provisions of South Carolina Code section 15–48–10(a). We agree.

It is undisputed that paragraph seventeen of this agreement does not comport with section 15–48–10(a) because notice of arbitration was not "typed in underlined capital letters, or rubber-stamped prominently, on the first page of the contract." However, Husband maintains that because the separation agreement was made a part of the divorce decree, it lost its contractual character and, therefore, paragraph seventeen dealing with arbitration is enforceable as a family court order, not as a contract. Husband reasons that section 15–48–10(a) does not apply to provisions contained in court orders.

While Husband's argument is not without logical appeal, we believe that section 15–48–10(a) applies to paragraph seventeen of the separation agreement. Section 15–48–10(a) applies to "a provision in a written contract to submit to arbitration." Although subsection (b) of the statute specifically excludes certain claims from the scope of the Uniform Arbitration Act, claims arising under family court agreements are not excluded.

We recognize the separation agreement ceased to be a contract for jurisdictional purposes when it was approved by the family court; nevertheless, paragraph seventeen originated as "a provision in a written contract to submit to arbitration" within the meaning of the statute. The family court's approval and merger of the agreement into an order does not insulate the arbitration provision from compliance with section 15–48–10(a). Given the strict construction of section 15–48–10 mandated by the supreme court, we conclude the arbitration clause contained in paragraph seventeen of the agreement had to comply with section 15–48–10(a) to be enforceable. *See Ebert v. Ebert,* 320 S.C. 331, 338, 465 S.E.2d 121, 125 (Ct.App. 1995) (contract principles should be applied to a separation agreement approved by the family court); *Bogan v. Bogan,* 298 S.C. 139, 142, 378 S.E.2d 606, 608 (Ct.App.1989) (holding that even though an agreement was approved by the family court it retained its character as an agreement for purposes of legal analysis).

Accordingly, it was error for the family court judge to enforce the arbitration provision and to dismiss the action for contempt.

**REVERSED.**

CONNOR and HUFF, JJ., concur.