607 S.E.2d 97

Daniel Miles STODDARD, Appellant,

v.

Selena Joanna RIDDLE, Respondent.

No. 3911.

Court of Appeals of South Carolina.

Submitted Nov. 1, 2004.

Decided Dec. 20, 2004.

Rehearing Denied Jan. 20, 2005.

Laura Anne Filler, of Chesnee, for Appellant.

Oscar W. Bannister, of Greenville, for Respondent.

WILLIAMS, J.:

Daniel Stoddard (Husband) appeals a family court order determining it did not have subject matter jurisdiction to modify a property settlement agreement between him and his former wife, Selena Riddle (Wife). We affirm.[1]

## FACTS

Following an eight-year marriage, Husband and Wife were divorced in 1980. The divorce decree incorporated a property settlement agreement, which, by the agreement's own terms, was not merged into the court's final order. In regard to alimony, the agreement stated the following:

Husband shall pay directly to the Wife the sum of Two Hundred Twenty–Five and no/100 ($225.00) Dollars per month ... the payment of such amounts herein provided shall not in any manner be modified by the Court, and shall not terminate until her death or remarriage.

Since 1983, Wife has cohabitated with another man. The two openly hold themselves out to the public as an amorous couple. Throughout their relationship, they have owned joint property and held joint mortgages. The two often travel and dine out together, and their luxurious home was the subject of a life and style article in the Greenville News. They have never, however, participated in a marriage ceremony, and it is undisputed that the couple is not married under common law.

In 2002, Husband brought an action seeking the termination of his alimony obligation to Wife on the ground that Wife's cohabitating relationship is tantamount to marriage. The family court determined it did not have subject matter juris-

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

diction to modify the settlement agreement. This appeal followed.

## STANDARD OF REVIEW

In appeals from the family court, this court has the authority to find facts in accordance with our own view of the preponderance of the evidence. *Woodall v. Woodall*, 322 S.C. 7, 10, 471 S.E.2d 154, 157 (1996). Questions concerning alimony, however, rest within the sound discretion of the family court judge, whose conclusions will not be disturbed absent a showing of abuse of discretion. *Bryson v. Bryson*, 347 S.C. 221, 224, 553 S.E.2d 493, 495 (Ct.App.2001); *Bannen v. Bannen*, 286 S.C. 24, 26, 331 S.E.2d 379, 380 (Ct.App.1985). An abuse of discretion occurs when the decision is controlled by some error of law or is based on findings of fact that are without evidentiary support. *Bryson*, 347 S.C. at 224, 553 S.E.2d at 495; *McKnight v. McKnight*, 283 S.C. 540, 543, 324 S.E.2d 91, 93 (Ct.App.1984).

## LAW / ANALYSIS

Husband argues the family court erred in determining it lacked subject matter jurisdiction to interpret his alimony obligations under the property settlement agreement. We disagree.

Prior to 1983, it was the law of this state that the family court lacked jurisdiction to interpret, enforce, or modify a separation agreement "incorporated but not merged" into a divorce decree. *Moseley v. Mosier*, 279 S.C. 348, 352, 306 S.E.2d 624, 626 (1983); *Bryant v. Varat*, 278 S.C. 77, 77, 292 S.E.2d 298, 299 (1982); *Kelly v. Edwards*, 276 S.C. 368, 370, 278 S.E.2d 773, 774 (1981). In 1983, hoping to lessen the legal import of "words of art" such as "ratified," "approved," "incorporated," and "merged," the supreme court decided *Moseley v. Mosier*, 279 S.C. 348, 306 S.E.2d 624 (1983). In *Moseley*, the court held jurisdiction for all domestic matters, whether by decree or by agreement, vested in the family court. *Id.* at 353, 306 S.E.2d at 627. Following *Moseley*, all settlement agreements, once approved, were modifiable by the court and enforceable by contempt, unless the agreement unambiguously denied the family court jurisdiction. *Id.*

The holding of *Moseley*, however, was expressly limited to those divorce decrees entered after the decision. *Id.* When faced with a pre-*Moseley* separation agreement that is "incorporated but not merged" into the divorce decree, the family court's jurisdiction remains restricted to its pre-*Moseley* boundaries, and the agreement is enforceable only by resort to ordinary contract remedies. *See Peterson v. Peterson,* 333 S.C. 538, 541–543, 510 S.E.2d 426, 427–428 (Ct.App.1998). Because the settlement agreement at issue in this case was entered into prior to *Moseley* and "incorporated but not merged" into the divorce decree, the family court properly found it lacked jurisdiction.[2]

Furthermore, the agreement in the case at bar states, "the payment of such amounts herein provided shall not in any manner be modified by the court." Although recent case law and statutory amendments alter the family court's analysis of cohabitation as a ground for alimony termination when modification is allowed,[3] the parties may still agree to deny the family court the authority to modify alimony. *See* S.C.Code Ann. § 20–3–130(G) (Supp.2003) ("The parties may agree in writing if properly approved by the court to make the payment of alimony as set forth [in this statute] nonmodifiable and not subject to subsequent modification by the court."); *Moseley*, 279 S.C. at 353, 306 S.E.2d at 627 ("The parties may specifically agree that the amount of alimony may not ever be modified by the court. . . ."). In the recent case of *Degenhart v. Burriss*, 360 S.C. 497, 602 S.E.2d 96 (Ct.App.2004), this court determined that language strikingly similar to that employed in this settlement agreement denied the family court the authority to modify alimony in any manner. The family court, therefore, would lack jurisdiction to modify alimony

---

**2.** Husband argues that, even if the family court lacks jurisdiction to *modify* or *enforce* a pre-*Moseley* agreement, it may still *interpret* the agreement. We find no merit in this semantic distinction. Pre-*Moseley*, the family court lacked jurisdiction to enforce, modify *or interpret* settlement agreements like the one at issue. *See Kelly v. Edwards*, 276 S.C. 368, 370, 278 S.E.2d 773, 774 (1981) ("[O]nly the *interpretation* of the [settlement agreement] was in issue, therefore, the family court was without subject matter jurisdiction to determine contractual obligations."(emphasis added)).

**3.** *See* S.C.Code Ann. § 20–3–150 (Supp.2003); *Bryson*, 347 S.C. at 224–25, 553 S.E.2d at 494 (Ct.App.2001).

payments here even if the agreement was entered into following the *Moseley* decision.

For the foregoing reasons, the family court's order is **AFFIRMED.**

HEARN, C.J., and GOOLSBY, J., concur.