**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Michael L. Hughes, Appellant,

v.

Cyndie B. Hughes, Respondent.

Appellate Case No. 2015-002081

———————

Appeal From Florence County
Timothy H. Pogue, Family Court Judge

———————

Unpublished Opinion No. 2017-UP-304
Submitted June 1, 2017 – Filed July 26, 2017

———————

**AFFIRMED**

———————

Max Nathan Pickelsimer, of Payne, Black & Pickelsimer, LLC, of Rock Hill, for Appellant.

Deena Smith McRackan, of Deena Smith McRackan, of Charleston, for Respondent.

———————

**PER CURIAM:** Michael Hughes (Husband) appeals a family court order denying his request to modify alimony payments to Cyndie Hughes (Wife). On appeal, Husband argues (1) he was entitled to a trial de novo because there was no evidence introduced at the original trial about his ability to pay support; (2) the family court erred in finding he did not demonstrate a material and substantial

change of circumstances warranting modification of alimony; and (3) the family court erred in awarding Wife attorney's fees and costs because the court erred in finding he did not establish a change in circumstances sufficient to warrant modification of alimony. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Issue 1: *Johnson v. Johnson*, 310 S.C. 44, 46, 425 S.E.2d 46, 48 (Ct. App. 1992) ("Ordinarily, where a judgment or order is entered by consent, it is binding and conclusive and cannot be attacked by the parties either by direct appeal or in a collateral proceeding."); *Hooper v. Rockwell*, 334 S.C. 281, 290, 513 S.E.2d 358, 363 (1999) (providing a party "may not appeal [a] consent order because such orders are not appealable"); *McAleese v. McAleese*, 309 S.C. 548, 551, 424 S.E.2d 558, 559-60 (Ct. App. 1992) (explaining law of the case refers to the idea the terms of orders which are not appealed become the law of the case regardless of whether those terms are legally correct); *Bakala v. Bakala*, 352 S.C. 612, 632, 576 S.E.2d 156, 166 (2003) (holding a family court judge could not overrule an unappealed order of another family court judge because it had become the law of the case).

2. As to Issue 2: *Crossland v. Crossland*, 408 S.C. 443, 452, 759 S.E.2d 419, 423 (2014) ("An award of alimony rests within the sound discretion of the family court and will not be disturbed absent an abuse of discretion."); *Stoddard v. Riddle*, 362 S.C. 266, 268, 607 S.E.2d 97, 98 (Ct. App. 2004) (providing an abuse of discretion occurs when the family court's decision is controlled by an error of law or is based on findings of fact having no evidentiary support); *McKinney v. Pedery*, 413 S.C. 475, 483, 776 S.E.2d 566, 570 (2015) ("The party seeking modification [of alimony] has the burden to show by the preponderance of the evidence that a change has occurred."); *Penny v. Green*, 357 S.C. 583, 589, 594 S.E.2d 171, 174 (Ct. App. 2004) ("[T]o justify modification of an alimony award, the changes in circumstances must be substantial or material."); *id.* ("Further, the change in circumstances must be unanticipated."); *Miles v. Miles*, 355 S.C. 511, 519, 586 S.E.2d 136, 140 (Ct. App. 2003) ("Many of the same considerations relevant to the initial setting of an alimony award may be applied in the modification context as well, including the parties' standard of living during the marriage, each party's earning capacity, and the supporting spouse's ability to continue to support the other spouse."); *Kelley v. Kelley*, 324 S.C. 481, 488, 477 S.E.2d 727, 731 (Ct. App. 1996) ("[V]oluntary changes in employment which impact a payor spouse's ability to pay alimony are to be closely scrutinized."); *Jenkins v. Jenkins*, 345 S.C. 88, 104, 545 S.E.2d 531, 539 (Ct. App. 2001) ("Loans from close family members

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

must be closely scrutinized for legitimacy."); *Kelley*, 324 S.C. at 486, 477 S.E.2d at 729-30 ("The following circumstances, without more, have been found insufficient to warrant modification of alimony: unwarranted debts, inflation, increased or decreased income of the payor spouse, a payee spouse's anticipated employment, and the 'straitened financial situation[s]' which are a normal consequence of divorce." (quoting *Kielar v. Kielar*, 311 S.C. 466, 470, 429 S.E.2d 851, 853 (Ct. App. 1993))).

3.  As to Issue 3: *Feldman v. Feldman*, 380 S.C. 538, 545, 670 S.E.2d 669, 672 (Ct. App. 2008) ("In South Carolina for an issue to be preserved for appellate review it must be raised to and ruled upon by the lower court."); *id.* ("Additionally, South Carolina case law clearly states '[a] party must file [a rule 59(e)] motion when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review.'" (quoting *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004))).

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**