# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Caroline Rebecca Moore, Appellant,

v.

Darren Scott Smith, Respondent.

Appellate Case No. 2019-002073

_____

Appeal From Orangeburg County
Angela W. Abstance, Family Court Judge

_____

Opinion No. 6018
Submitted March 1, 2023 – Filed August 23, 2023

_____

## REVERSED AND REMANDED

_____

Amy E. Willbanks, of Strom Law Firm, LLC; Susan
Rawls Strom and Michelle B. Matthews, both of Law
Office of Susan Rawls Strom; and Whitney Boykin
Harrison, of McGowan Hood Felder & Phillips, all of
Columbia, for Appellant.

Darren Scott Smith, of Branchville, pro se.

_____

**VINSON, J.:**  Caroline Rebecca Moore (Wife) appeals the family court's order
denying her contempt action against Darren Scott Smith (Husband).  Wife argues
the family court erred in (1) finding a rule to show cause was not the proper avenue
to seek redress for Husband's alleged contempt and (2) excluding evidence
establishing the factual basis for Husband's alleged contempt.  In addition, Wife
asks this court to award her attorney's fees and costs.  We reverse and remand.

## PROCEDURAL HISTORY

This appeal arose out of an action for separate maintenance and support between Husband and Wife (collectively, the parties). Wife filed a motion for temporary relief. The family court entered a temporary order (the Temporary Order), filed March 25, 2018, on issues related to custody, visitation, and sale of the marital residence. The parties entered into a final custody, support, and property settlement agreement (the final settlement agreement) on September 20, 2018, and the family court entered the final settlement agreement as the final order (the Final Order) the following day. Wife subsequently filed a rule to show cause alleging Husband violated the terms of the Temporary Order and the Final Order.[1] Following a hearing, the family court denied Wife's contempt action. Wife filed a motion to reconsider, which the family court denied without a hearing.

## FACTS

The Temporary Order provided in relevant part,

> Both parties shall be restrained from alienating, disposing of or borrowing money, or from injuring, damaging, destroying, trading, or otherwise liquidating or decreasing in value any assets of the parties' except as in the ordinary course of business and with the exception of the marital residence as outlined below.

It further restrained the parties "from incurring any debt for which the other party would be held responsible, including, but not limited to debt connected with any joint credit cards."

The Final Order provided that "[t]he parties shall strictly comply with the terms of the [final settlement a]greement or risk the contempt powers of the court." Paragraph 12 of the Final Order required:

> The parties warrant and represent that they have made a full and complete disclosure of any and all existing indebtedness or liabilities of any nature or description, whether contingent or otherwise, which they have

---

[1] Husband filed a Rule 60(b), SCRCP motion for relief from judgment, which the family court denied. Husband did not appeal the denial of this motion.

incurred at any time during the parties' marriage which has not been paid or satisfied in full prior to the date of th[e final settlement a]greement and that all such indebtedness and liabilities have been expressly addressed and allocated in the terms of [the final settlement a]greement. In the event any undisclosed indebtedness or liability of any nature or description exists, it shall be the sole and exclusive responsibility of the party who incurred that liability or indebtedness to pay the same and to hold the other party harmless and indemnify the other party from any liability thereon, including attorneys' fees and costs.

Under the terms of the Final Order, Wife was "entitled to all net equity from the [marital residence], following payment of the mortgage balance, pro-rata taxes, and agreed upon repair costs."

In her contempt petition, Wife alleged Husband violated the Temporary Order by obtaining a commercial promissory note related to his business (the 2018 Note) in April 2018 that was secured by a mortgage on the marital residence and Husband's business. She further alleged Husband violated the Final Order by failing to disclose this debt on his financial declaration. Wife believed the family court should have held Husband in contempt and ordered him to immediately pay her $21,813.49 to reimburse her for and indemnify her from the debt. In addition, she sought an award of attorney's fees and costs incurred in bringing the contempt action. Wife filed an affidavit of attorney's fees evidencing the charges incurred for time spent in preparing for the prosecution of Wife's rule to show cause for contempt and defending Husband's Rule 60(b), SCRCP motion totaled $9,590.55.

At the rule to show cause hearing, Matt Stokes, a former loan officer at Farmers & Merchants Bank, testified he assisted the parties in their purchase of the marital residence as an investment property in October 2012. Stokes explained the promissory note Husband executed to purchase the marital residence was secured by a mortgage on Husband's business and the marital residence. Stokes stated Husband executed three additional promissory notes on the marital residence for improvements and repairs in February 2013, June 2015, and November 2015. He explained these notes were renewed several times. He confirmed Wife's name was not on any of the notes. His testimony was supported by the admission of the promissory notes into evidence. Stokes clarified that he was not involved in issuing the 2018 Note because he left employment with the bank in December

2017. However, he stated the 2018 Note represented a "workout" loan of two of the prior notes. On cross-examination, Stokes confirmed he did not speak for the bank and he admitted he was married to Husband's niece.

Wife testified she was unaware of the 2018 Note prior to the sale of the marital residence. When asked whether Husband produced the promissory notes during discovery, Wife testified she subpoenaed information from Farmers & Merchants Bank and the bank produced the promissory notes in response. She also gave contradictory testimony that she knew nothing about the promissory notes or whether she had received them from Husband in discovery. Wife stated the 2018 Note had an outstanding balance of $21,813.49 at the time of the sale of the marital residence. Wife paid the outstanding balance of the 2018 Note under the terms of the sale of the marital residence. Wife moved to enter a payoff letter from the closing on the marital residence into evidence and Husband objected to its admission. The family court sustained Husband's objection.

Husband testified the parties purchased the marital residence in October 2012 as an investment property; he later clarified Wife was not a signatory on the promissory note executed to purchase the residence. He stated the 2018 Note comprised two prior promissory notes for improvements on the marital residence that had been renewed. Husband acknowledged he did not disclose the 2018 Note during discovery or on his financial declaration. Husband's financial declaration was made an exhibit and confirmed he did not disclose the 2018 Note. During his testimony, Husband used the payoff letter from the closing to refresh his recollection, over Wife's objection. He testified Wife knew about the promissory notes taken out on the marital residence and stated that the loans were intended to repair and make improvements to the marital residence. Husband denied investing the loan proceeds into his business.

In its order on Wife's rule to show cause, the family court held it could not hold Husband in contempt of the Temporary Order after the Final Order had been issued. The family court further held Husband was not in contempt of the Final Order when no evidence supported a finding Husband violated the provision holding him responsible for the debt associated with the marital residence he retained under the terms of the final settlement agreement. It found that if Wife was attempting to allege Husband violated the warranty provision of paragraph 12 of the Final Order relating to the disclosure of indebtedness, Wife could

> request, by proper motion, [that] the [family] court
> enforce the portion of the [final settlement] agreement

requiring one party to be responsible for any non-disclosed debt under Paragraph 12, or [Wife] may seek to set aside the [final settlement agreement] for failure to disclose the indebtedness, but those remedies [were] not properly before the court in a contempt proceeding.

The family court further found Husband had neither failed to do something he was ordered to do nor done something he was ordered not to do.

Wife filed a Rule 59(e), SCRCP motion to alter or amend, arguing evidence supported a finding that Husband violated the Temporary Order and the Final Order and that the family court erred in excluding the payoff letter from evidence. Wife also moved under Rule 60(b), SCRCP, for relief from the Final Order, in accordance with the family court's instructions. The family court denied Wife's motions, finding Wife misunderstood its ruling concerning the Rule 60(b) motion. It determined Wife's argument that Husband committed fraud upon the parties or the court in obtaining the Final Order was not proper during the contempt hearing and should have been made by filing a Rule 60(b) motion to set aside the Final Order. The family court stated Wife could file a Rule 60(b) motion to set aside the final settlement agreement or a motion to enforce the warranty provision in paragraph 12 of the final settlement agreement if she so chose. This appeal followed.

## ISSUES ON APPEAL

1. Did the family court err in finding Wife's rule to show cause was not the proper manner to seek a remedy for contempt when there was clear and convincing evidence in the record showing Husband violated a court order?

2. Did the family court err in excluding and failing to consider Wife's evidence establishing the factual basis for Husband's contempt?

3. Should Husband be required to pay Wife's attorney's fees and costs if this court finds the family court erred in denying Wife's rule to show cause?

## STANDARD OF REVIEW

"The family court is a court of equity." *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). "Appellate courts review family court matters de novo,

with the exceptions of evidentiary and procedural rulings." *Stone v. Thompson*, 428 S.C. 79, 91, 833 S.E.2d 266, 272 (2019). "[T]his court may find facts in accordance with its own view of the preponderance of the evidence." *Weller v. Weller*, 434 S.C. 530, 537, 863 S.E.2d 835, 838 (Ct. App. 2021). "Civil contempt must be proven by clear and convincing evidence." *Poston v. Poston*, 331 S.C. 106, 113, 502 S.E.2d 86, 89 (1998). "The appellant maintains the burden of convincing the appellate court that the family court's findings were made in error or were unsubstantiated by the evidence." *Weller*, 434 S.C. at 538, 863 S.E.2d at 838.

## LAW AND ANALYSIS[2]

### I. Contempt Remedy for Husband's Noncompliance with the Temporary Order and Final Order and Award of Attorney's Fees and Costs

Wife argues the family court erred in finding her rule to show cause was the incorrect procedural avenue to obtain the relief sought when Husband violated the Temporary Order and the Final Order. Wife avers the family court's holding that a Rule 60(b), SCRCP motion to set aside the final settlement agreement was the proper avenue for relief was unwarranted when the Final Order provided the requested relief. She asserts that by filing a motion to set aside the final settlement agreement, the Final Order would be abrogated in its entirety. Wife further argues she is entitled to attorney's fees under the terms of the Final Order. We agree.

We find a rule to show cause was the proper procedural avenue for Wife to obtain the relief she sought for Husband's failure to disclose the 2018 Note pursuant to the terms of the Final Order. Initially, we agree with the family court that Husband was not in contempt of the Final Order. *Cf. Moseley v. Mosier*, 279 S.C. 348, 351, 306 S.E.2d 624, 626 (1983) ("Contempt results from the willful disobedience of a court's order."). Although Husband failed to disclose the 2018 Note on his financial declaration as required under paragraph 12 of the Final Order, Wife failed

---

[2] Husband did not file a respondent's brief. *See Turner v. Santee Cement Carriers, Inc.*, 277 S.C. 91, 96, 282 S.E.2d 858, 860 (1981) (holding "failure to [file a respondent's brief] allows [an appellate court] to take such action upon the appeal as it deems proper"); *see also* Rule 208(a)(4), SCACR ("Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper.").

to demonstrate by clear and convincing evidence Husband willfully and intentionally refused to pay Wife the amount of the loan or indemnify her from any liability, including the payment of attorney's fees and costs prior to the filing of the contempt action.  However, we conclude Wife demonstrated Husband failed to meet his obligation under the Final Order to hold harmless and indemnify Wife for the outstanding balance on the 2018 Note, which was disclosed at the closing of the sale of the marital residence.

We find Wife's rule to show cause gave the family court the ability to enforce the terms of the Final Order and provide Wife's requested relief.  *See* Rule 14(a), SCRFC, note ("The rule to show cause provided [in Rule 14(a), SCRFC,] is for contempt of court arising from failure to comply with the Court's orders, decrees or judgments *and for enforcement thereof*." (emphasis added)); *Moseley*, 279 S.C. at 353, 306 S.E.2d at 627 ("With the court's approval, the terms [of an agreement] become a part of the decree and are binding on the parties and the court.").  "Once approved, an agreement may be enforced by the family court through its contempt powers, unless the agreement unambiguously denies the court continuing jurisdiction over the matter." *Swentor v. Swentor*, 336 S.C. 472, 479, 520 S.E.2d 330, 334 (Ct. App. 1999); *see also Moseley*, 279 S.C. at 353, 306 S.E.2d at 627 ("[U]nless the agreement unambiguously denies the court jurisdiction, the terms will be modifiable by the court and enforceable by contempt.").  Here, the Final Order did not deny the family court jurisdiction to enforce the terms of the final settlement agreement; rather, it provided that "[t]he parties shall strictly comply with the terms of the [final settlement a]greement or risk the contempt powers of the court."  Accordingly, we find Wife's rule to show cause gave the family court leave to enforce the unambiguous payment and indemnification terms of the Final Order by ordering Husband to pay Wife $21,813.49 to indemnify her for the outstanding balance of the 2018 Note and $9,590.55 in attorney's fees and costs incurred in bringing her contempt action.  *See Davis v. Davis*, 372 S.C. 64, 75, 641 S.E.2d 446, 451 (Ct. App. 2006) ("Where an agreement is clear and capable of legal construction the court's only function is to interpret its lawful meaning and the intention of the parties as found within the agreement and give effect to them." (quoting *Bogan v. Bogan*, 298 S.C. 139, 142, 378 S.E.2d 606, 608 (Ct. App. 1989))).  Based on the foregoing, we reverse and remand to the family court to issue an order enforcing the Final Order and requiring Husband to promptly pay Wife $21,813.49 and pay Wife's attorney's fees and costs in the amount of $9,590.55.

Because the reversal of the family court's denial of Wife's contempt action for Husband's violation of the Final Order allows Wife to obtain the relief sought, we

decline to address the issue of Husband's alleged violation of the Temporary Order. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues on appeal when its determination of a prior issue is dispositive).

## II. Exclusion of Evidence

Wife argues the family court improperly excluded relevant evidence—the affidavit of authenticity from the closing on the marital residence—when the court allowed Husband's counsel to question Husband about the document at the hearing over Wife's objection. We find this issue is moot because the family court accepted Wife's testimony regarding the $21,813.49 balance on the 2018 Note in its order. *See Cheap-O's Truck Stop, Inc. v. Cloyd*, 350 S.C. 596, 602, 567 S.E.2d 514, 517 (Ct. App. 2002) ("An appellate court will not pass on moot and academic questions or make an adjudication where there remains no actual controversy." (quoting *Curtis v. State*, 345 S.C. 557, 567, 549 S.E.2d 591, 596 (2001))); *Sloan v. Friends of Hunley, Inc.*, 369 S.C. 20, 26, 630 S.E.2d 474, 477 (2006) ("A moot case exists where a judgment rendered by the court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the reviewing court."). Accordingly, we decline to address this issue as moot.

## CONCLUSION

Based on the foregoing, we reverse and remand to the family court to issue an order enforcing the Final Order and requiring Husband to promptly pay Wife $21,813.49 and pay Wife's attorney's fees and costs in the amount of $9,590.55.

**REVERSED AND REMANDED.**[3]

**THOMAS, J., and LOCKEMY, A.J., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.