730 S.E.2d 874

**Howard HAMMER, Appellant,**

v.

**Shirley HAMMER, a/k/a Shirley Grace Hightower, Respondent.**

No. 4980.

Court of Appeals of South Carolina.

Heard May 9, 2012.

Decided June 6, 2012.

Rehearing Denied Aug. 23, 2012.

---

Susan Batten Lipscomb, of Lipscomb Law Firm, P.A., of Columbia, for Appellant.

Stephanie Nichole Weissenstein and Desa Allen Ballard, of Ballard, Watson, & Weissenstein, of West Columbia, for Respondent.

LOCKEMY, J.

In this appeal, Howard Hammer (Appellant) argues the circuit court erred in dismissing his complaint for lack of subject matter jurisdiction. Appellant sought a declaratory judgment and other relief in connection with a contract with Shirley Hammer (Respondent). Appellant contends: (1) Respondent failed to file a proper motion to dismiss pursuant to Rule 7(b), SCRCP; (2) the contract clearly demonstrated the parties' intent that the family court not have exclusive jurisdiction over the contract; and (3) sections 20–3–690 and 63–3–530 of the South Carolina Code do not provide for exclusive family court jurisdiction in the present case. We affirm.

## FACTS/PROCEDURAL BACKGROUND

Appellant and Respondent were married on August 4, 1998 and had two children. On September 2, 2005, Respondent filed a complaint seeking an order of separate maintenance and support, custody, equitable distribution of property, and other relief. Subsequently, on December 6, 2007, Respondent filed a second amended complaint seeking a divorce and other relief. The family court litigation was settled in two phases. First, the divorce and property settlements were agreed to and incorporated into the family court's May 12, 2008 order. The May 2008 order adopted a settlement agreement (May 2008 contract) which included terms involving the parties' former marital home and Appellant's retirement accounts. The May 2008 contract included a final clause stating, "[t]his agreement is a binding contract and is enforceable as such under law." In its May 2008 order, the family court stated it retained "jurisdiction to issue any orders necessary to effectuate the terms of the [May 2008 contract]." Second, in June 2009, the parties settled issues relating to child custody and visitation. On August 19, 2009, the family court entered an order approving the settlement agreement and ending the action. The family court also expressly re-affirmed the May 2008 order.

Appellant challenged the May 2008 contract, the 2009 settlement agreement, and the family court orders on four occasions. First, on May 4, 2009, Appellant sought to amend, modify, void, and set aside the May 2008 order and requested a new trial pursuant to Rule 60(b), SCRCP. The family court

dismissed Appellant's motion with prejudice. Second, Appellant filed a motion to withdraw, rescind, and repudiate his consent to the June 2009 settlement agreement. The motion was denied by the family court on January 27, 2010. Third, on September 4, 2009, Appellant filed a motion to reconsider, amend, alter, modify, and/or for a new trial and stay of the following family court orders: (1) order for transfer of individual retirement account; (2) order sealing record; (3) order approving settlement agreement; and (4) order (ending action). The family court denied Appellant's motion.

On November 9, 2009, Appellant filed an amended complaint in the circuit court seeking a declaratory judgment and other relief in connection with the May 2008 contract. Appellant asserted the May 2008 contract was void *ab initio* as violating public policy because a key term of the contract was a payment of funds by Appellant to Respondent in exchange for her agreement to drop certain criminal charges against Appellant. Appellant also asserted causes of action for breach of contract, breach of contract accompanied by fraudulent intent, conversion, and breach of covenant of good faith and fair dealing.

In her first amended answer, motion to dismiss, and counterclaims, Respondent asserted three defenses: (1) lack of subject matter jurisdiction; (2) failure to state facts sufficient to constitute a cause of action; and (3) *res judicata.* Respondent's counterclaims included slander of title, tortious interference with an existing contractual relationship, intentional infliction of emotional distress, abuse of process, invasion of privacy, wrongful intrusion as to contracts to sell and purchase, and malicious prosecution. A hearing was held before the circuit court on March 2, 2010. In an April 14, 2010 order, the circuit court dismissed Appellant's complaint for lack of subject matter jurisdiction. The circuit court held its decision did not end the action as to Respondent's counterclaims. Subsequently, the circuit court denied Appellant's motion to reconsider. This appeal followed.

**STANDARD OF REVIEW**

This is an appeal from the grant of a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), SCRCP. "The question of subject matter jurisdiction

is a question of law for the court." *Capital City Ins. Co. v. BP Staff, Inc.,* 382 S.C. 92, 99, 674 S.E.2d 524, 528 (Ct.App.2009). "We are free to decide questions of law with no deference to the [circuit] court." *Id.*

## LAW/ANALYSIS

### Motion to Dismiss

■ Appellant argues the circuit court erred in granting Respondent's motion to dismiss because Respondent failed to file a proper motion pursuant to Rule 7(b), SCRCP.[1] Appellant also contends the circuit court erred in relying on the sealed family court record. We disagree.

Pursuant to Rule 7(b)(1), SCRCP

An application to the court for an order shall be by motion which, unless made during a hearing or trial in open court with a court reporter present, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

Appellant argues Respondent failed to make a separate and distinct motion to dismiss and "merely entered a denial of Appellant's allegation that the circuit court had subject matter jurisdiction." Appellant further contends the findings of the circuit court were based solely on statements of Respondent's counsel and on Respondent's memorandum of law, which referenced the sealed family court record. Appellant maintains portions of the sealed record contained in Respondent's memorandum were improperly included in the circuit court's findings of fact.

Respondent argues subject matter jurisdiction can be raised at any time. Respondent contends Appellant was on notice that lack of subject matter jurisdiction was asserted in the answer and had adequate notice of the March 2010 circuit court hearing. Respondent also argues the sealing order expressly provided the parties could access and use the sealed record in the domestic litigation. Respondent maintains Ap-

---

1. Appellant incorrectly refers to Rule 7(b), SCRCP as Rule 7(e), SCRCP in his brief.

pellant "opened the door" to the sealed record by "attacking the family court order with his declaratory judgment action," and the circuit court properly determined it lacked subject matter jurisdiction.

■ We agree with Respondent. Subject matter jurisdiction can be raised at any time and by any means. Rule 12(h)(3), SCRCP provides, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the case." Here, Respondent specifically asserted in her answer, motion to dismiss and counterclaims that the circuit court lacked subject matter jurisdiction and asked the court to dismiss Appellant's complaint. This pleading gave Appellant notice that Respondent was moving to dismiss his complaint for lack of subject matter jurisdiction. Furthermore, Respondent served and filed a memorandum in support of her motion to dismiss on February 24, 2010 and Appellant had notice of the March 2, 2010 circuit court hearing to hear the motion.

Additionally, the sealing order expressly provides that the parties and the court may access and use the sealed file in the "litigation between [Appellant and Respondent]." Here, the parties to the litigation are the same and the subject matter of the case, the May 2008 contract, was executed in partial settlement of the family court litigation and made an order of the family court. Because Appellant's complaint was a continuation of the marital dispute, the circuit court properly referenced the family court record. Accordingly, we find the circuit court did not err in dismissing Appellant's complaint.

**Intent of the Parties**

■ Appellant argues the circuit court erred in dismissing his complaint because the May 2008 contract clearly set forth the parties' intent that the family court did not have exclusive jurisdiction over the contract. We disagree.

In *Moseley v. Mosier*, 279 S.C. 348, 353, 306 S.E.2d 624, 627 (1983), our supreme court held that once a settlement agreement is approved by the family court, it may be enforced by the court's contempt powers unless the settlement agreement expressly denies the court continuing jurisdiction. Here, the May 2008 contract and the May 2008 order expressly vest the family court with jurisdiction to enforce the contract. The

family court's May 2008 order plainly states, "[t]his Court retains jurisdiction to issue any orders necessary to effectuate the terms of the [May 2008 contract]." Moreover, the May 2008 contract provides that "[w]hen this settlement is approved it shall be enforceable through the contempt powers of the [f]amily [c]ourt." Accordingly, we find the May 2008 contract does not evidence intent by the parties that the family court not have jurisdiction over the contract. Furthermore, under *Moseley*, the family court has continuing subject matter jurisdiction over the claims raised in Appellant's amended complaint.

### § 20–3–690 and § 63–3–530

■ Appellant argues the circuit court erred in finding the family court had exclusive subject matter jurisdiction pursuant to sections 20–3–690 and 63–3–530 of the South Carolina Code. We disagree.

Pursuant to section 20–3–690 of the South Carolina Code (Supp.2011), "[t]he family courts of this State have subject matter jurisdiction over all contracts relating to property which is involved in a proceeding under this article and over the construction and enforcement of those contracts." Section 63–3–530 provides

(A) The family court has exclusive jurisdiction:

. . .

(2) to hear and determine actions for divorce a vinculo matrimonii, separate support and maintenance, legal separation, and in other marital litigation between the parties, and for settlement of all legal and equitable rights of the parties in the actions in and to the real and personal property of the marriage and attorney's fees, if requested by either party in the pleadings;

. . .

(25) to modify or vacate any order issued by the court;

. . .

(30) to make any order necessary to carry out and enforce the provisions of this title, and to hear and determine any questions of support, custody, separation, or any other matter over which the court has jurisdiction, without the intervention of a jury; however, the court may not issue an

order which prohibits a custodial parent from moving his residence to a location within the State unless the court finds a compelling reason or unless the parties have agreed to such a prohibition;

S.C.Code Ann. § 63–3–530(A)(2)(25)(30) (2010).

Appellant argues the circuit court has the authority to hear the present case pursuant to sections 15–53–20, 15–53–30, and 15–53–90 of the Declaratory Judgment Act. Section 15–53–20 provides "[c]ourts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations. . . ." S.C.Code Ann. § 15–53–20 (2005). Section 15–53–30 provides

> Any person interested under a deed, will, written contract or other writings constituting a contract or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.

S.C.Code Ann. § 15–53–30 (2005). Pursuant to section 15–53–90,

> When a proceeding under this chapter involves the determination of an issue of fact such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending. All existing rights to jury trials are hereby preserved.

S.C.Code Ann. § 15–53–90 (2005). Appellant contends, in light of the sealed family court record, there is no admissible evidence in the record from which the circuit court could determine any fact other than Appellant's allegations and Respondent's admission that a contract was entered into between the parties. Appellant argues, applying sections 15–53–20, 15–53–30, and 15–53–90, it is clear the circuit court had the power to declare the rights and status of the May 2008 contract, and had the power to hear and determine the question of the validity of the contract.

Respondent argues the circuit court properly relied on sections 20–3–690 and 63–3–530 in dismissing Appellant's com-

plaint. Respondent contends South Carolina law expressly grants the family court subject matter jurisdiction over the construction and enforcement of the May 2008 contract and over all of the marital litigation between the parties.

We agree with Respondent. The May 2008 contract was part of the parties' divorce proceeding. Pursuant to section 20–3–690, the family court has exclusive jurisdiction over contracts relating to property in a divorce proceeding. S.C.Code Ann. § 20–3–690 (Supp.2011). Moreover, by merging the May 2008 contract into the family court's order, the family court transformed it from a contract between the parties into a decree of the court. *See Emery v. Smith*, 361 S.C. 207, 214, 603 S.E.2d 598, 601 (Ct.App.2004) (holding that merging an agreement into an order transforms it from a contract between the parties into a decree of the court). In *Emery*, this court held that "[s]ince *Moseley*, our courts 'assume that any settlement in a divorce decree is intended to be judicially decreed unless there is some explicit, clear and plain provision in the court approved separation agreement or the decree.' " *Id.* (quoting *Moseley*, 279 S.C. at 353, 306 S.E.2d at 627). "With the court's approval, the terms become a part of the decree and are binding on the parties and the court." *Id.* (quoting *Moseley* at 353, 306 S.E.2d at 627). As part of the family court order, the agreement "is fully subject to the family court's authority to interpret and enforce its own decrees." *Id.* at 214, 603 S.E.2d at 601–02 (citing e.g., *Terry v. Lee*, 308 S.C. 459, 419 S.E.2d 213 (1992) (stating that the family court has exclusive jurisdiction to determine the rights of the parties under an agreement incorporated into a family court decree)). Accordingly, the circuit court did not err in finding it lacked subject matter jurisdiction to hear Appellant's complaint.

## CONCLUSION

Based on the foregoing, we affirm the circuit court's dismissal of Appellant's complaint for lack of subject matter jurisdiction.

**AFFIRMED.**

THOMAS, J. and CURETON, A.J., concur.