# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Frank James Rish, Sr., Respondent,

v.

Kathy Cotney Rish, Appellant.

Appellate Case No. 2019-000504

———————

Appeal From Newberry County
Joseph C. Smithdeal, Family Court Judge

———————

Opinion No. 5884
Submitted December 1, 2021 – Filed December 22, 2021

———————

## VACATED IN PART, AFFIRMED IN PART

———————

Leslie Ragsdale Fisk, of Spartanburg, and J. Edwin
McDonnell, of Campobello, both for Appellant.

Christopher Paul Thompson, of Mayo, and Kenneth
Philip Shabel, of Kennedy & Brannon, P.A., of
Spartanburg, both for Respondent.

———————

**THOMAS, J:** Frank James Rish, Sr. (Husband) filed this action in family court
against Kathy Cotney Rish (Wife) seeking to terminate or modify alimony. Wife
appeals the family court's order terminating alimony, arguing the court erred in
finding (1) the parties' 2003 divorce decree did not divest the court of the power to
modify alimony, (2) Wife waived the court's lack of jurisdiction by failing to
appeal a 2011 modification of alimony order, and (3) the court erred in denying her

motion to reconsider pursuant to Rule 59(e), SCRCP, or set aside as void pursuant to Rule 60(b)(4), SCRCP. We vacate in part and affirm in part.

**FACTS**

The parties were married in 1972 and had two emancipated children at the time of their divorce. The divorce decree, dated March 28, 2003, incorporated the parties' agreement and required Husband to pay alimony of $650 per month "as periodic alimony which is non-modifiable and will cease only at the death of [Wife] or [Husband] or the remarriage of [Wife]."

By order dated June 7, 2011, the court reduced Husband's alimony obligation to $550 per month. Wife did not appeal the 2011 order. In 2016, Husband filed this action to modify and/or terminate alimony. At a hearing held April 16, 2018, Wife argued the divorce decree made alimony non-modifiable. The court found the 2011 order modifying alimony was "law of the case" on the issue of modification due to Wife's failure to appeal the order. By order filed May 4, 2018, the court found Husband declared monthly income of $1,483 and Wife declared monthly income of $1,709. The court also found both parties' declarations were lacking in various areas, and both parties' testified their health had declined, and they had received inheritances since the previous order. The court concluded Husband's financial situation had substantially declined; thus, it terminated alimony.

Wife moved for reconsideration under Rule 59(e), SCRCP, and to void the order under Rule 60(b)(4), SCRCP, arguing the 2011 modification order was void because the divorce decree mandated alimony was non-modifiable except upon either party's death or Wife's remarriage. Wife argued the order on appeal was likewise void for lack of subject matter jurisdiction. Husband filed a return, arguing that because Wife failed to appeal or file a motion to reconsider the 2011 order, Wife was barred from raising the court's subject matter jurisdiction by "laches, estoppel, [and] undue prejudice." Husband also argued the court had jurisdiction to modify alimony.

After a hearing, the court denied Wife's motion by order dated August 14, 2019. The court found it had continuing jurisdiction to modify the divorce decree because the decree did not "unambiguously deny the family court jurisdiction to modify or terminate the alimony obligation." The court further found "[t]he motion for reconsideration [as to Rule 60(b)(4), SCRCP,] was not filed within a reasonable time and is therefore subject to the equitable doctrines of estoppel and laches." Thus, the court denied the motion. This appeal followed.

**STANDARD OF REVIEW**

"The question of subject matter jurisdiction is a question of law for the court." *Hammer v. Hammer*, 399 S.C. 100, 104–05, 730 S.E.2d 874, 876 (Ct. App. 2012) (quoting *Capital City Ins. Co. v. BP Staff, Inc.*, 382 S.C. 92, 99, 674 S.E.2d 524, 528 (Ct. App. 2009)). "In appeals from the family court, [the appellate court] reviews factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *see Singh v. Singh*, 434 S.C. 223, 228, 863 S.E.2d 330, 332–33 (2021) (applying a de novo standard of review to the denial of Rule 60(b), SCRCP, motions raising the legal question of the family court's authority to delegate its jurisdiction to an arbitrator). "[A] reviewing court is free to decide questions of law with no particular deference to the trial court." *Proctor v. Steedley*, 398 S.C. 561, 573, 730 S.E.2d 357, 363 (Ct. App. 2012) (footnote omitted).

**LAW/ANALYSIS**

**Termination of Alimony**

Wife maintains the family court erred in terminating alimony because it lacked subject matter jurisdiction to modify or terminate alimony under the 2003 divorce decree. We agree.

The divorce decree stated the periodic alimony would be "non-modifiable and will cease only at the death of [Wife] or [Husband] or the remarriage of [Wife]." As noted by Wife, any action taken by the family court with regard to agreements over which it lacks subject matter jurisdiction is void. *See Gainey v. Gainey*, 382 S.C. 414, 424, 675 S.E.2d 792, 797 (Ct. App. 2009) ("A judgment of a court without subject matter jurisdiction is void . . . .). "Subject matter jurisdiction is 'the power to hear and determine cases of the general class to which the proceedings in question belong.'" *Dove v. Gold Kist, Inc.*, 314 S.C. 235, 237–38, 442 S.E.2d 598, 600 (1994) (quoting *Bank of Babylon v. Quirk*, 472 A.2d 21, 22 (Conn. 1984)). The family court derives its subject matter jurisdiction over divorces, including alimony, from our legislature. S.C. Code Ann. § 63-3-530(A)(2)&(14) (2010) ("The family court has exclusive jurisdiction . . . to hear and determine actions for divorce . . . [and] to order support of a spouse . . . ."); S.C. Code Ann. § 20-3-130 (2014) (providing the family court with the authority to award alimony).

In *Moseley v. Mosier*, our supreme court explained the family court also had jurisdiction over contractual agreements to separate or divorce by stating, "[J]urisdiction for all domestic matters, whether by decree or by agreement, will vest in the family court.  In all decrees entered after this decision, the parties may contract concerning their property settlement and alimony, but the submitted agreement must be approved by the family court."  279 S.C. 348, 353, 306 S.E.2d 624, 627 (1983); *see* S.C. Code Ann. § 20-3-690 (2014) ("The family courts of this State have subject matter jurisdiction over all contracts relating to property which is involved in a proceeding under this article and over the construction and enforcement of those contracts.").

However, our statutory scheme provides a method for parties to remove the issue of future modification of alimony from the family court's jurisdiction.  "The parties may agree in writing if properly approved by the court to make the payment of alimony . . . nonmodifiable and not subject to subsequent modification by the court."  S.C. Code Ann. § 20-3-130(G) (2014).  "[O]nce a settlement agreement is approved by the family court, it may be enforced by the court's contempt powers unless the settlement agreement expressly denies the court continuing jurisdiction." *Hammer v. Hammer*, 399 S.C. 100, 106, 730 S.E.2d 874, 877 (Ct. App. 2012) (citing *Moseley*, 279 S.C. at 353, 306 S.E.2d at 627).  In *Croom v. Croom*, 305 S.C. 158, 159−61, 406 S.E.2d 381, 382−83 (Ct. App. 1991), this court found the family court could not modify an alimony obligation because the court-adopted alimony agreement provided "the terms and conditions of the agreement and any court order approving it 'shall not be modifiable by the parties or any court without written consent of the Husband and Wife.'"

In this case, the 2003 divorce decree did not "expressly deny" the family court continuing jurisdiction.  Thus, we look to this court's discussion in *Degenhart v. Burriss*, 360 S.C. 497, 602 S.E.2d 96 (Ct. App. 2004).  In *Degenhart*, this court reviewed the parties' agreement and final divorce order, which read as follows:

> Husband agrees to pay Wife alimony in the amount of
> $2,500.00 per month payable on the 1st day of each
> month beginning with the month of September, 1999 for
> a period of the earlier of seven years or upon the
> remarriage of Wife.

360 S.C. at 499, 602 S.E.2d at 97.  The agreement also provided:

> The provisions of this AGREEMENT shall not be modified or changed except by mutual consent and agreement of the parties expressed in writing.

*Id.*

The husband in *Degenhart* argued *Croom* did not apply because his agreement lacked language specifically stating that the family court could not modify the agreement. *Id.* at 501, 602 S.E.2d at 98. The court rejected the husband's argument, finding the following:

> While this agreement does not expressly state that the family court *cannot* modify the agreement, it is clear and specific about how the agreement *can* be modified, that being "by mutual consent and agreement of the parties expressed in writing." Because the family court "must enforce an unambiguous contract according to its terms regardless of its wisdom or folly, apparent unreasonableness, or the parties' failure to guard their rights carefully," we see no reason to require "magic words" for an unambiguous agreement to gain efficacy. efficacy. *Lindsay v. Lindsay*, 328 S.C. 329, 340, 491 S.E.2d 583, 589 (Ct. App. 1997). The agreement here, by stating that its terms "shall not be modified or changed except by mutual consent," clearly denies the family court the jurisdiction to modify the agreement by its own authority or at the behest of only one of the parties.

*Id.*

We find it is likewise clear and specific in this case how alimony can be modified—by the death of either party or by Wife's remarriage —otherwise, it is non-modifiable. As this court found in *Degenhart*, no magic language is required as long as the agreement is clear and specific. Accordingly, we find the family court lacked subject matter jurisdiction to terminate alimony in this case. Thus, we vacate the order on appeal as void for lack of subject matter jurisdiction. *See Stoddard v. Riddle*, 362 S.C. 266, 269–70, 607 S.E.2d 97, 99 (Ct. App. 2004) (acknowledging the family court had no jurisdiction to modify a pre-*Moseley* agreement, but also concluding the language stating alimony "shall not in any manner be modified by the Court" would also have denied the family court

jurisdiction to modify alimony "even if the agreement was entered into following the *Moseley* decision").

**Modification of Alimony in the 2011 Order**

Wife argues the family court erred in denying her motion to void the 2011 order under Rule 60(b)(4), SCRCP, by finding she either waived subject matter jurisdiction by failing to appeal the 2011 order or she was barred by estoppel and laches.[1]  We disagree.

Wife's motion for reconsideration under Rule 59(e), SCRCP, and for relief under Rule 60(b)(4), SCRCP, sought to return the parties to the terms of the divorce decree by voiding both the 2011 modification of alimony order and the 2018 order on appeal terminating alimony.  As to the termination of alimony in the 2018 order, we agree with Wife and, as previously discussed, we vacate the order terminating alimony because the family court lacked subject matter jurisdiction.  However, we find no error in the family court's refusal to grant Wife's motion to set aside the 2011 modification order as void under Rule 60(b)(4), SCRCP.

Subject matter jurisdiction may not be waived even with consent of the parties. *Hunter v. Boyd*, 203 S.C. 518, 525, 28 S.E.2d 412, 416 (1943).  "The issue of subject matter jurisdiction may be raised at any time including when raised for the first time on appeal . . . ."  *Tatnall v. Gardner*, 350 S.C. 135, 137, 564 S.E.2d 377, 378 (Ct. App. 2002); *see S.C. Dep't of Soc. Servs. v. Tran*, 418 S.C. 308, 318–19, 792 S.E.2d 254, 259–60 (Ct. App. 2016) (vacating the family court's termination of parental rights order and earlier removal order based on lack of subject matter jurisdiction).

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding [if] . . . the judgment is void[.]"  Rule 60(b)(4), SCRCP.  "A judgment of a court without subject-matter jurisdiction is void."  *Coon v. Coon*, 364 S.C. 563, 566, 614 S.E.2d 616, 617 (2005).

In *Sijon v. Green*, 289 S.C. 126, 128 n.2, 345 S.E.2d 246, 248 n.2 (1986), our supreme court noted that Rule 60(b)(4) "requires that motions to set aside a judgment on the ground it is void must be brought within a reasonable time."  Citing *Sijon*, this court also found "the reasonable time requirement applies to Rule

---

[1] We combine Wife's second and third arguments.

60(b)(4)." *McDaniel v. U.S. Fid. & Guar. Co.*, 324 S.C. 639, 643−44, 478 S.E.2d 868, 870−71 (Ct. App. 1996); *see* Rule 60(b), SCRCP ("The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order[,] or proceeding was entered or taken."). The court in *McDaniel* recognized "[t]here is disagreement among the various federal and state jurisdictions as to whether the reasonable time requirement should be imposed on motions which attack a judgment as void." 324 S.C. at 643 n.1, 478 S.E.2d at 870 n.1. However, it also noted South Carolina follows the minority rule, applying a reasonable time requirement to void judgments even though the minority rule is in conflict with authority that holds "a void judgment cannot gain validity with the movant's delay because it is a nullity from its inception." *Id. But see Gatling v. Beach Palace, Inc.*, 294 S.C. 464, 464, 365 S.E.2d 736, 737 (Ct. App. 1988) (per curiam) (holding the reasonable time requirement does not apply to Rule 60(b)(4) because a void judgment is a nullity and may be attacked at any time).

Following the rule cited in *McDaniel*, we agree with the family court that Wife's acquiescence in the 2011 order for almost seven years was unreasonable under Rule 60(b)(4)'s reasonable time requirement. *See McDaniel*, 324 S.C. at 644, 478 S.E.2d at 871 (finding the special referee's ruling that the appellants' Rule 60(b) motion was untimely after nearly four years was not an abuse of discretion); *Perry v. Heirs at Law of Gadsden*, 357 S.C. 42, 48, 590 S.E.2d 502, 505 (Ct. App. 2003) (finding a four-year delay was unreasonable although "reluctant to proclaim that four years is a per se unreasonable period of time"). Accordingly, we affirm that portion of the family court's order that found Wife could not get relief from the 2011 order under her Rule 60(b)(4) post-trial motion. Because we affirm under Rule 60(b)(4), SCRCP, we need not reach Wife's arguments as to estoppel and laches. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (explaining an appellate court need not address remaining issues when disposition of a prior issue is dispositive).

**CONCLUSION**

Based on the foregoing, we vacate the family court's order to the extent it terminated alimony. We affirm the family court's order to the extent it found Wife's attempt to void the 2011 order reducing alimony was not timely filed under Rule 60(b)(4), SCRCP.

**VACATED IN PART, AFFIRMED IN PART.**[2]

**HUFF and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.